Grafton, }
Nov. 7, 1906. }

## STATE *v.* HALL.

It is a defence to an indictment for not causing a child to attend school that the schoolhouse is not within reasonable walking distance and no conveyance is provided by the school board.

INDICTMENT, for not causing a child eleven years old and in the custody and under the control of the defendant to attend a public school, as required by chapter 13, Laws 1903. At the May term, 1905, of the superior court, it was agreed before *Wallace*, C. J., that the defendant was guilty unless the facts hereinafter stated constitute a defence.

The defendant and the child reside in the school district of Orford three miles from a schoolhouse in the district where a public school is annually taught. Under the circumstances it was unreasonable to require the child to walk that distance, and no transportation was provided by the school board. The board set aside twenty-five per cent of the school money for the conveyance of scholars, and offered the defendant a proportionate part of that sum to convey this child and others in his custody and under his control to and from school. The defendant declined to accept the sum offered and refused to transport the child. The board were unable to procure transportation for the sum offered the defendant. The rate offered him for the service was the same paid for the conveyance of other scholars in the district where such conveyance was required.

*Marshall D. Cobleigh*, solicitor, for the state.

*Batchellor & Mitchell*, for the defendant.

PARSONS, C. J.  " Every person having the custody and control of a child between the ages of eight and fourteen years, . . . residing in a school district in which a public school is annually taught, shall cause such child to attend the public school all the time such school is in session, unless," etc. Laws 1903, *c.* 13; Laws 1901, *c.* 61, *s.* 14; P. S., *c.* 93, *s.* 14. The respondent is indicted under this section. It appears that he resides three miles from the place where the school is taught, that the distance is an unreasonable one for the child to walk, and that no conveyance has been provided by the school board. The sole question in the case is whether his failure to provide conveyance for the child to and from school, or to secure a residence for himself and child, or

for the child, within reasonable walking distance of a schoolhouse in which a school is taught, is a violation of the statute.

The section under which the respondent is indicted was first enacted in 1871. It was then expressly provided that to be amenable to the law the person in charge of the child must be one "residing in any school district in which a public school is annually taught . . . within two miles by the nearest traveled road from his residence." Laws 1871, c. 2, s. 1. In the reënactment of 1878, the same provision is found. G. L., c. 91, s. 14. In the revision of 1891, the reference to the distance of the person's residence from the place where the school is taught is omitted, and the statute appears in its present form so far as it relates to this question. P. S., c. 93, s. 14; Laws 1901, c. 61, s. 14; Laws 1903, c. 13. If the omission was intended to impose the duty of conveyance upon the person in charge of the child when the distance was as great as in this case, the omission constituted a material change in the law. If no change in the law was intended, the respondent is not within the terms of the statute, residing as he does three miles from the school. The commissioners who prepared the revision known as the Public Statutes indicate by the marginal note in their report that the omission was made by them without intent to change existing law. Comm'rs' Rep. P. S., p. iii; Ib., c. 92, s. 14. If by statutory enactment since the General Laws the clause in question had been impliedly repealed or made nugatory, its omission upon reënactment did not change existing law. If the law as it stood did not require the person named therein to furnish conveyance for a child in his care who could not be reasonably required to walk less than two miles, the law was not materially changed except by dropping the legislative definition of two miles as the limit of the reasonable distance which children could be required to walk. Both of these considerations appear to be well founded and to establish that no change in the law was intended in 1891.

In 1878, towns and districts were authorized to expend not exceeding ten per cent of the school money for the conveyance of scholars residing not less than one mile and a half from school (Laws 1878, c. 55); and in 1885, by the statute abolishing school districts, the amount expendable by the school board for this purpose was increased to twenty-five per cent of the school money. Laws 1885, c. 43, s. 6. The latter provision was reënacted in the Public Statutes (c. 92, s. 1). If the omission made in the enactment of the section under which the respondent is indicted was understood to require the parent or guardian to provide for the conveyance of the child, there was no occasion to authorize the school board to do it. The purpose of both sections was to secure the attendance of children of the school age. If the law did not

require the guardian residing two miles from the school to cause children in his care to attend even when conveyance was furnished by the school board, the purpose of the law was defeated. Although conveyance was provided, the children might not be permitted to attend. One general purpose of the law abolishing school districts was to gather the children together into larger schools where they might receive better instruction for longer terms. The conveyance was intended as a substitute for school accommodations in a neighborhood where the scholars were too few to render the maintenance of a separate school reasonable or profitable. By implication, at least, distance as an excuse for non-attendance was abrogated in all cases where conveyance was furnished.

It seems more probable that the omission of the provision was not intended to compel the parent to furnish conveyance when none was provided by the school board, but that it was made to make it clear that the law required him to send the child when conveyance was provided. The omission did not change existing law, because the provision had in effect already been repealed. Furthermore, the original statute was not intended to place the duty of conveyance upon the parent in any case where the child's attendance would otherwise be unreasonable. The law, as has already been held, is to have a reasonable construction. It was "intended to secure the attendance of children who were able, not to confer arbitrary power upon the school board." *State* v. *Jackson*, 71 N. H. 552, 558. Its language originally was: "Every parent, guardian, master, or other person having the custody, control, or charge of any child . . . shall cause such child to attend." While the word "cause" in its usual meaning—to effect, to produce, to bring about—might imply that the duty was thereby placed upon such person to do everything necessary to secure the attendance of the child, and that if he did not succeed in so doing he would be liable to the punishment provided, it is evident that the duty imposed related to the exercise of the parental power of control implied by the custody and charge of the child, and required merely the exercise of that power to secure the child's attendance and forbade its exercise to keep the child from school. The legislature did not intend to imprison or fine a parent who had not the means to secure conveyance for his child. The purpose of the law is the education of the child. Accordingly, the existing statute provides: "The school board of every district shall provide schools at such places within the district . . . as will best subserve the interests of education and will give to all the scholars of the district as nearly equal advantages as may be practicable. They may use a portion of the

school money, not exceeding twenty-five per cent, for the purpose of conveying scholars to and from the schools." P. S., c. 92, s. 1. If the school board are unable to so arrange the schools as to give all the scholars reasonably equal advantages, they may by providing conveyance render such advantages as equal as practicable. But if as the schools have been arranged the amount of expenditure permitted for that purpose is insufficient to provide the necessary transportation, the remedy is to be found in an additional number of schools, which will require less expenditure for the conveyance of scholars.

The case contains facts conflicting as evidence upon the question whether the school board offered the respondent reasonable payment for the conveyance of his children. Whether the sum offered was or was not reasonably sufficient does not appear and is immaterial. The respondent was under no more legal obligation to convey the children under his care for reasonable compensation than he was to convey any other children in the district, nor was a greater duty to engage in this business placed on him because of his children than upon any other inhabitant who had no children. The statute does not require the respondent to furnish to the district conveyance of scholars at his own expense, or for the sum thought reasonable by the school board. The facts agreed, that the child cannot reasonably be required to walk and that no conveyance has been provided by the school board, constitute a defence to the indictment.

*Respondent discharged.*

All concurred.