[Civ. No. 526. First Appellate District.—May 7, 1908.]

JOHN A. GALINDO, Petitioner, v. ROY E. WALTER, City Clerk of the City of San Jose, a Municipal Corporation, Respondent.

CHARTER OF SAN JOSE—LEGISLATIVE POWER—DELEGATION—INVALID ORDINANCE TO ASCERTAIN DESIRE OF VOTERS ON PROHIBITION.—The municipal charter of the city of San Jose vests the whole legislative power in the common council, and contains no referendum provision. It cannot delegate its power to the electors, and is granted no power, expressly or by implication, to pass an ordinance merely

to ascertain whether it is the desire of the voters that the common council shall by ordinance prohibit the sale of intoxicating liquors.

ID.—MANDAMUS TO COMPEL REMOVAL OF QUESTION FROM BALLOTS.— *Mandamus* will lie to compel the city clerk to remove such question, submitted without legal authority, from the sample ballots sent to voters, and from the voting machines.

APPLICATION for writ of mandate to the City Clerk of the City of San Jose.

The facts are stated in the opinion of the court.

E. M. Rea, for Petitioner.

Frank H. Benson, for Respondent.

KERRIGAN, J.—This is an application for a peremptory writ of mandate, requiring respondent to prepare the sample ballot, to be mailed to the voters of the city of San Jose, for the election to be held there on the third Monday of May, 1908, and the voting machines to be used at that election, according to law, by omitting from said ballots and from the voting machines the following: "Shall the sale of intoxicating liquor as a beverage be allowed in the city of San Jose?" and the words "Yes" and "No" placed in such juxtaposition to said question as to enable the elector to vote for or against the matter referred to therein, the petitioner alleging that the respondent threatens and intends to place such words on said ballots and on said voting machines.

The city of San Jose is a municipal corporation operating under a freeholders' charter, formed and adopted under the provisions of section 8 of article XI of the constitution, and approved by the legislature March 5, 1897 (Stats. 1897, p. 592).

April 15, 1908, the common council passed and adopted an ordinance, which was approved by the mayor, by the terms of which the city clerk (respondent herein) was directed and authorized to place upon the ballot on each voting machine the above-quoted question, in order to submit to the voters at the said election the proposition embodied in such question.

There is no referendum provision in the San Jose charter, the legislative power being conferred exclusively on the com-

mon council (article III, chapters 1 and 2). Such power cannot be delegated to the electors (1 Abbott on Municipal Law, sec. 110, p. 195; *City of Oakland* v. *Carpenter et al.,* 13 Cal. 544; *Ex parte Wall,* 48 Cal. 279, [17 Am. Rep. 425]); nor does the ordinance in question attempt to do so, it being admitted by both petitioner and respondent that its object is merely in this way to ascertain whether it is the desire of the electors of the municipality that the common council shall by proper ordinance prohibit the sale of intoxicating liquor. The question for decision then is, Has the common council the power to adopt this method for ascertaining the electors' wishes?

"The powers of a municipal corporation are such as are granted in express words, or are necessarily or fairly implied in or incident to the powers expressly granted, or indispensable to the declared objects and purposes of the corporation." (20 Am. & Eng. Ency. of Law, p. 1139; *Hyatt* v. *Williams,* 148 Cal. 585, [84 Pac. 41].) Section 1 of chapter II, article III, of the charter of San Jose enumerates the subjects of legislation; and when this provision is examined with the rule just noticed in mind, it is found to vest no power in the common council to pass the ordinance in question. The ordinance is therefore void, and affords no authority whatever for the threatened action of the city clerk complained of in this proceeding, and as no other authority is relied upon, it follows that the ballot and the voting machines should be prepared according to the provision of the charter governing city elections, and that the matter to which objection is made should be omitted therefrom. A writ of mandate will issue to compel an officer to omit from a ballot anything placed thereon not authorized by law. (*Partridge* v. *Devoto,* 148 Cal. 167, [82 Pac. 775].)

It follows that the writ should issue as prayed for, and it is so ordered.

Cooper, P. J., and Hall, J., concurred.