Strafford,      }
Nov. 2, 1915.   }

### NORMAN J. BERRY *v*. SCHOOL BOARD OF BARRINGTON.

A school board is not required as matter of law to transport a scholar who lives within reasonable walking distance of the schoolhouse, but is unable to walk there because of a physical infirmity.

The refusal of a school board to transport a scholar is not as matter of law an abuse of discretion, if the expenditure for such purpose would curtail the school year and thus deprive the district of a considerable sum otherwise receivable from the state.

PETITION for *mandamus*, to require the defendants to transport the plaintiff to and from school. Trial at the February term, 1915, of the superior court before *Pike*, C. J. The court found that if on the facts hereinafter stated the defendants were bound as matter of law to furnish transportation for the plaintiff the writ should issue, but otherwise it should be denied, and transferred the questions of law so raised.

The plaintiff lives one mile from the schoolhouse and if well could easily walk there, but he suffers from a physical infirmity which necessitates his transportation if he is to attend school. The defendants claim (1) that since the distance from the plaintiff's

home to the schoolhouse is not such as would require him to be
transported if he were well, they are not required to transport
him because of his physical inability to walk; (2) that if they were
required to furnish transportation under such circumstances there
was no abuse of discretion in refusing to do so, because the necessary
expenditure for that purpose would prevent the maintenance of
school for a sufficient time to entitle the district to state aid,
amounting to $134.

*Pierce & Galloway*, for the plaintiff.

*Felker & Gunnison*, for the defendants.

PARSONS, C. J. As the plaintiff's physical infirmity, and not
the distance from his home to the schoolhouse, renders his trans-
portation necessary, his case would be the same however short
the distance, if it were one which he was unable to walk. To
entitle him to transportation as matter of law, it must therefore
appear that the legislative intent in authorizing expenditure from
the school fund for that purpose was to relieve unfortunate individ-
uals in the plaintiff's situation at the expense of the remaining
scholars, since the amount so expended would diminish to that
amount the sum available for the general purposes of the district.

The first legislation authorizing such expenditure is found in
chapter 55, Laws of 1878. Section 2 of that chapter empowered
school districts to authorize the prudential committee "to use a
part of the school money, . . . not exceeding ten per cent, for
the conveyance to and from the school of pupils living more than one
mile and a half from the school." Section 3 made provision in
districts having less than twelve scholars for their attendence
upon the schools of adjoining districts and authorized in such case
the expenditure of the same percentage of the school money in
the conveyance of scholars. Under this section the conveyance
was a substitute for a school in the district, and under section 2
distance was the only rule given for the guidance of the committee.
Scholars living more than one mile and a half from the schoolhouse
might be transported at the expense of the school fund. Others
living a less distance might not be. The physical capacity of the
individual scholar to walk was not considered if he lived within
the prescribed distance, nor is there a suggestion that distinction
because of physical condition could be properly made between two

scholars similarly situated, more than a mile and a half from the school. In 1885, by the statute abolishing school districts, the amount expendable by the school board for the conveyance of scholars was increased to twenty-five per cent of the school money. Laws 1885, *c.* 43, *s.* 6.

"One general purpose of the law abolishing school districts was to gather the children into larger schools where they might receive better instruction for longer terms. The conveyance was intended as a substitute for school accommodations in a neighborhood where the scholars were too few to render the maintenance of a separate school reasonable or profitable. . . . The purpose of the law is the education of the child. Accordingly, the existing statute provides: 'The school board of every district shall provide schools at such places within the district . . . as will best subserve the interests of education and will give to all the scholars of the district as nearly equal advantages as may be practicable. They may use a portion of the school money, not exceeding twenty-five per cent, for the purpose of conveying scholars to and from the schools.' P. S., *c.* 92, *s.* 1. If the school board are unable to so arrange the schools as to give all the scholars reasonably equal advantages, they may by providing conveyance render such advantages as equal as practicable." *State* v. *Hall,* 74 N. H. 61, 63, 64.

As it does not appear that the school board have not arranged the schools so as to give all the scholars, including those living one mile from the schoolhouse, as does the plaintiff, reasonably equal opportunity for school attendance, they cannot be required as matter of law to transport the plaintiff. The misfortune of a particular scholar rendering transportation necessary in a particular case is not the rule prescribed. The duty of the board is general: to do in arranging schools and providing conveyance what "will best subserve the interests of education and will give to all the scholars of the district as nearly equal advantages as may be practicable." In the absence of a finding, or conclusive evidence, that the course they have pursued has not as matter of fact had this result, the court cannot as matter of law interfere to control their action.

The defendants further contend that if they might be required to transport the plaintiff because of his infirmity, their refusal to do so was not an abuse of discretion because expenditure of the school fund for this purpose would result, by diminishing the school year, in depriving the district of a considerable sum receivable

from the state.   The expenditure of school money for the transportation of pupils is a matter within the discretion of the school board. *Fogg* v. *Board of Education,* 76 N. H. 296.   The substance of the defendants' claim on this point is that expenditure for the purpose asked by the plaintiff "would occasion a substantial curtailment of school advantages to all other scholars in the town" and would "so far diminish the facilities for general education in the town as to be deemed impracticable."   The fact suggested has some tendency to prove the wisdom of the discretion exercised.   *Fogg* v. *Board of Education, supra.*   It does not establish, as matter of law, error of fact in their refusal to transport the plaintiff.   Whether as matter of law the fact alleged is sufficient to sustain the action of the board need not be considered, even if the second ground of defence were controlling, in view of the order of the court that the petition should be denied unless as matter of law transportation must be furnished.   The order is,

*Petition denied.*

All concurred.