STATE EX REL. LEO A. KLIMEK v. SCHOOL DISTRICT NO. 70, OTTER TAIL COUNTY.[1]

January 13, 1939.

No. 31,883.

[1]Reported in 283 N. W. 397.

*Charles A. Lund* and *Philip R. Monson,* for appellant.
*Dell & Rosengren,* for respondent.

PETERSON, JUSTICE.

This is a *mandamus* to compel the defendant, a common school district, to furnish free transportation to Adryan Klimek to and from school. The Klimeks lived about four and a half miles from the school by road and two and a half miles by short cut across country. Adryan is a boy about eight years old. It is claimed that he cannot very well use the short cut because to do so would expose him to danger from bulls, rams, dogs, and other animals present in the fields which he would have to cross. Plaintiffs allege that it is within the financial power of defendant to pay for such transportation. Defendant considered and denied plaintiffs' request to furnish such free transportation. The sole claim is that defendant is under a mandatory duty by statute to furnish the transportation. The alternative writ was quashed, and plaintiffs appeal from the judgment.

The matter of furnishing free transportation to school children is regulated by statute. Mason Minn. St. 1927 and 1938 Supp. § 2816(4), provides that the school board *"may"* provide for the free transportation of pupils to and from school at the expense of the

school district provided funds for such purposes are available. The statute merely authorizes the school board to furnish such free transportation. The language of the statute is permissive and imports the exercise of discretion. Statutes conferring on school officers power to furnish free transportation of pupils unless in imperative terms are construed to be permissive and as authorizing a use of discretion. Note, 63 A. L. R. 417; see Johnson v. Unorganized School Dist. 159 Minn. 226, 198 N. W. 463. Plaintiffs rely on Fogg v. Board of Education, 76 N. H. 296, 82 A. 173, 37 L.R.A. (N.S.) 1110, Ann. Cas. 1912C, 758. The facts in that case are substantially the same as those involved here. The court held that the duty to furnish free transportation is discretionary but that under the peculiar provisions of the statute there involved that discretion was exercised arbitrarily and capriciously. The decision was based on the grounds of abuse of discretion, which was regulated in some particulars by the statute. Because of the difference in the statute there involved we do not regard the case as in point here. In the later case of Berry ·v. School Board, 78 N. H. 30, 95 A. 952, *mandamus* was denied in a situation similar to that involved here. Those cases are not particularly helpful because of the difference in the statute. A construction that our statute is discretionary is confirmed by its history. It is derived from L. 1901, c. 262, § 6, in which the language was that the school board "shall have power to provide" such free transportation. The "may" of the statute in its present form is the equivalent of the "shall have power" of its antecedent.

■ Plaintiffs contend that the statute should be construed as being mandatory because art. 8 of the constitution provides that it shall be the duty of the legislature to establish a general and uniform system of public schools (§ 1) and that the legislature shall make such provisions as will secure a thorough and efficient system of public schools in each township of the state (§ 3). These provisions of the constitution are a mandate to the legislature. Curryer v. Merrill, 25 Minn. 1, 33 Am. R. 450; State ex rel. Smith v. City of St. Paul, 128 Minn. 82, 150 N. W. 389. The legislature has

complied with the mandate of the constitution by enacting the laws under which our present school system is organized. The constitution does not contain any provision that school districts shall provide free transportation to school children. We must look to the statutes to determine the extent, nature, and character of the powers of defendant. It is well settled that school districts are governmental agencies established by legislative authority to perform the duties of educating the children of the state. The legislature may clothe them with such powers as it deems wise and regulate the manner of the exercise of such powers. Kramer v. County of Renville, 144 Minn. 195, 175 N. W. 101; Associated Schools v. School Dist. No. 83, 122 Minn. 254, 142 N. W. 325, 47 L.R.A. (N.S.) 200.

█ The office of *mandamus* is to compel action but not to control discretion. Here the defendant has acted but not in the manner plaintiffs desire. They seek by *mandamus* to compel the defendant to exercise its discretion so as to comply with their request to furnish free transportation to Adryan. *Mandamus* will not be granted to control discretion by directing its exercise in a particular way. State ex rel. Casmey v. Teal, 72 Minn. 37, 74 N. W. 1024; Swanson v. Alworth, 159 Minn. 193, 198 N. W. 453; see Anderson v. Consolidated School Dist. No. 144, 196 Minn. 256, 264 N. W. 784.

Affirmed.