MIKE PERSZYK v. SCHOOL DISTRICT NO. 32 AND OTHERS.[1]

May 29, 1942.

No. 33,149.

*Jesse A. Schunk,* for appellant.
*M. J. Daly, Jr.,* for respondents.

Julius J. Olson, Justice.

This appeal involves only a nominal sum as measured in money, $24 to be exact, but plaintiff's insistence that "the importance of the decision is statewide" has persuaded us to grant oral argument.

The issue is a narrow one, *i. e.,* whether L. 1939, c. 437, § 7, subd. 2, has superseded or changed prior legislation relating to transportation of non-resident high school pupils. We are par-

[1]Reported in 4 N. W. (2d) 321.

ticularly concerned with the binding effect of certain "rules and regulations" adopted, promulgated, and applied by the state department of education, which claims authority so to do by virtue of the act. The facts are these:

Plaintiff, who resides within the territorial area of defendant district, has a boy and girl of high school age and qualification to attend such school, and they, with others like them, attended the Perham high school as "non-resident high school pupils" during the school year of 1939-1940. The district had made provision for school bus transportation service, one line operating within a mile of plaintiff's home, the other half a mile farther away. The district received state aid for each such pupil transported by its regular bus lines. Plaintiff's children were so transported for a short time in the fall of 1939, but later plaintiff took them to Perham in his own conveyance. His application for payment for this service resulted in a letter from the district clerk saying that the board would pay him at the rate of six dollars per month from January 1, 1940, to the end of the school term. He received his January payment, but thereafter the district refused to make further payments. He brought this action to recover for the remaining school months.

In State ex rel. Klimek v. School Dist. No. 70, 204 Minn. 279, 283 N. W. 397, we held that under the provisions of Mason St. 1938 (now 1940) Supp. § 2816(4), discretionary authority was conferred upon common school district officers to furnish free transportation of pupils to and from school.

Under L. 1939, c. 437, a broad and general plan was set up. As to the subject matter here involved, the state board of education was made the administrative authority. By that act much money was appropriated "for the state department of education" and other state institutions. The portion relating to the authority granted the department of education is found at p. 980 of the Session Laws. By virtue thereof, the department is authorized to "formulate such rules and regulations as may be necessary to the end that there shall be no competition between school districts

for the enrollment of students." To effectuate the general purpose of the act, the board "may divide the state into high school areas, each such area containing at least one classified public high school." Authority to formulate "such rules and regulations as may be necessary for establishing such high school areas and for transporting non-resident pupils" is provided for. But "such rules or regulations shall not prevent or deny to any parent the right to transport, or to provide for the transportation of his children, *at his own expense*, to the high school of any district willing to receive them." (Italics supplied.)

In August 1939, the department issued mimeographed bulletins entitled: "Information Relating to High School Areas and Transportation and Board of High School Pupils." By subd. 7 of "code VII-B-47b," sent to all the county superintendents of schools throughout the state, it was provided:

"In order to establish economical and efficient transportation service, there are certain modes of transportation which are to receive preference." These are listed as follows:

"1. Transportation by regular school bus.

"2. Transportation by automobile operated by high school pupils 16 to 18 years of age. (Such automobile route will not be approved if there is a regular bus route serving the pupils of the district.)

"3. Family Transportation. (Arrangements may be made with the parents to transport their own children if neither methods 1 or 2 are arranged in the district.)"

By this bulletin, direction was given local districts, looking to the economical expenditure of funds, to see that "as many pupils as possible be transported by regular school buses. The larger the loads the lower the per pupil cost will be to the school districts. It is also safer to have the pupils transported on regular school buses than to have several automobiles carrying only a few pupils to and from schools."

Thus it is apparent that "family transportation" cannot be arranged for at the expense of the district with right of contribution from state appropriations where there is already a bus route or routes established and functioning. Mason St. 1941 Supp. § 3156-9(7), subd. 2.

We also think that the rules and regulations adopted and promulgated by the state board were well within the authority granted by the act. One of its obvious purposes was to afford means of transportation to those living distant from high schools so that they might receive the benefits of such school attendance. The greater the number so enrolled the less the *per capita* cost to the public who must bear the burden. Likewise, and highly important too, is the fact that by such bus service the lives and limbs of the children so transported are safer than where unregulated service is employed. Economy and safety are important matters to be considered. Since "no special state aid shall be paid for any non-resident pupil transported * * * contrary to the standards established" by the board, "family transportation" cannot be paid under the circumstances here presented. .

Since counsel for the parties, with commendable fairness, have stated that all that the parties want is a construction of the law on this subject rather than any personal vindication as to the few dollars involved, we think no statutory costs should be taxed.

Judgment affirmed.

MR. JUSTICE STONE, absent because of illness, took no part in the consideration or decision of this case.