W. H. MUEHRING AND OTHERS v. SCHOOL DISTRICT NO. 31 OF STEARNS COUNTY.[1]

July 25, 1947.

No. 34,425.

---

[1]Reported in 28 N. W. (2d) 655.

*Theodore F. Neils* and *William A. Boerger,* for appellants.
*Phillips & Sherwood,* for respondent.

PETERSON, JUSTICE.

This is an action for a mandatory injunction to compel defendant to provide free transportation of pupils to and from its school, to recover damages for past failure so to do, and for other relief.

The questions for decision are: (1) Whether a school district is under a mandatory duty of providing free transportation of pupils to and from school because of the fact that the questions whether the school district should erect a new building and whether it should provide such free transportation of pupils were combined for submission to the voters and carried as a single question; and (2) whether the school district is estopped from refusing to provide such free transportation of pupils by reason of the fact that the electors voted for the erection of a new school building in reliance upon the supposition that such free transportation would be provided if a new school were built pursuant to such vote.

No procedural points have been raised. The facts have been stipulated. In 1933, after defendant's schoolhouse located in the village of Fairhaven had burned, an election was held, at which four propositions were submitted to the electors:

(1) To erect a school building in the village of Fairhaven without providing any school facilities for residents of the eastern end of the district;

(2) To erect two school buildings, one in the village of Fairhaven and one in the eastern end of the district;

(3) To erect a school building in the village of Fairhaven "and provide bus transportation for the children living in the eastern end of the district, * * *"; and

(4) To erect a school building, in the village of Fairhaven with permission to the residents of the eastern end of the district to form a new district within limits mentioned.

Question No. 3 was answered in the affirmative by an overwhelming vote.

Thereafter, defendant erected a school building in the village of Fairhaven and for 12 consecutive years afterward provided free bus transportation for pupils. Then, at the beginning of the 1945-1946 school year, it discontinued such transportation. Plaintiffs live in the eastern end of the school district. Transportation of their children to and from school is necessary in order for them to attend school. In providing transportation to and from school for their children after defendant discontinued providing free transportation, plaintiffs have paid or incurred expense in substantial amounts.

Plaintiffs contend that: (1) Although providing free transportation for pupils is ordinarily discretionary with a school district, it ceases to be so and becomes mandatory after the electors have voted in favor of providing such transportation; and (2), because the electors residing in the eastern end of the district voted at one and the same time in favor of both the erection and the providing of free transportation of pupils and thereby incurred liability for part of the cost of the new school building, the school district is

estopped to deny that it is obligated to provide such transportation.

■ Under M. S. A. § 125.06, subds. 12 and 14, school boards "may" in certain cases "provide" free transportation of pupils to and from school. The power is a discretionary one and not subject to judicial control. State ex rel. Klimek v. School District, 204 Minn. 279, 283 N. W. 397.

■ The duty of determining whether a school district shall provide such transportation is a governmental one of a continuing nature. Unless the rule is altered, so far as concerns its application here, by the facts that the question whether free transportation of pupils should be provided was coupled with the one whether the school district should erect a new school building so as to constitute a single question for purposes of submission to the voters and that the voters by their affirmative answer to the single question submitted in effect answered in the affirmative the one as to whether the school board should provide free transportation of pupils, as well as the one that the school district should erect a new school building, decision must be for the school district under the rule of the Klimek case.

■ Under Minn. Const. art. 8, §§ 1 and 3, the duty is imposed upon the legislature to provide a general and uniform system of public schools and to provide a thorough and efficient system of public schools in each township in the state. In discharging this constitutional duty, the legislature may establish public agencies for the purpose. The legislature has provided by law for school districts, which it has constituted public corporations clothed with governmental power to perform the public duty of providing public schools. State ex rel. Klimek v. School District, 204 Minn. 279, 283 N. W. 397, *supra;* Kramer v. County of Renville, 144 Minn. 195, 175 N. W. 101. The legislature is vested with discretionary power to prescribe the manner of the government of public corporations. It has the power to provide that the government of public corporations shall be a pure democracy after the New England town system, or a representative government, or a combination of the features of both. See, 37 Am. Jur., Municipal Corporations, §§ 204, 205. In providing

for the government of school districts, the legislature has combined features of pure democracy and of representative government. Members of school boards are elected by the voters of the school district. §§ 124.01-124.13. The legislature has indicated by express statutory provision the instances in which the governmental process of school districts shall be that of representative government and that of pure democracy. By statute, certain duties are delegated to school boards to be exercised by them in their corporate capacity as such. This is a feature of representative government. Such is the power of school boards with respect to providing free transportation of pupils. There is no statutory authorization for submission to the voters of such a question. By statute, in certain cases school boards may exercise their powers only with the approval of the voters.[2] This is a feature of pure democracy. Such is the power of a school board to erect a school building. § 125.06, subd. 2.

It is elementary that a public corporation, agency, or officer to whom governmental power has been delegated by statute cannot redelegate such delegated power. Delegation of governmental power is a manifestation of legislative intention that only the public authority to which the delegation is made, and not some agency or person of its choosing, shall exercise such power. The power of choice is in the legislature, which it has exercised by the very act of delegation. Where there is statutory authorization for submission by a public authority of a question to the voters for their decision, there is no real redelegation of delegated power, but rather a division of the power between the public authority and the voters, under which in the first instance the public authority is required to

---

[2]Examples of cases where submission to a vote of the electors is required are:

Issuance of school district bonds. § 475.14(4).

Acquisition of school sites. § 125.06, subd. 2.

Forming school district in a village. § 122.05.

Changing school district boundaries. § 122.09.

Forming consolidated school district. §§ 122.20, 122.21.

Dissolution of school district. § 122.28.

Changing an independent district to a common school district. § 122.31.

act with respect to the question, and afterward, upon submission of the question to them, the voters are required to decide whether to approve or disapprove of the action so taken. In such cases, submission of the question to the electorate is mandatory, and the decision of the voters is controlling and binding. Jefferson Highway Transp. Co. v. City of St. Cloud, 155 Minn. 463, 193 N. W. 960; State ex rel. Megnella v. Meining, 133 Minn. 98, 157 N. W. 991; Lamm v. C. St. P. M. & O. Ry. Co. 45 Minn. 71, 47 N. W. 455, 10 L. R. A. 268; Warsop v. City of Hastings, 22 Minn. 437.

Where there is no statutory authorization for submission of a question to the voters for their decision, such a submission by a public authority clothed with power with respect to the question submitted constitutes an unauthorized redelegation of delegated power. In such a case, because the voters lack power with respect to the question submitted and because the public authority lacks the power to confer it upon them, submission of the question to the voters is without legal effect, and their decision is in no way controlling or binding. Galindo v. Walter, 8 Cal. App. 234, 96 P. 505; Town of Klamath Falls v. Sachs, 35 Or. 325, 57 P. 329, 76 A. S. R. 501; 43 C. J., Municipal Corporations, § 256. In Town of Klamath Falls v. Sachs, *supra,* the view was expressed that the result of such an unauthorized referendum might be "advisory," but it was held that it was not binding.

Plaintiffs contend that § 125.06, subd. 15, contains authorization for submission to the voters of the question whether a school board shall provide free transportation of pupils. An examination of that section shows that the contention is without merit, for the reason that it makes such authorization only with respect to school and quasi school activities of teachers and pupils having to do with extracurricular activities, such as athletic, oratorical, musical, dramatic, and other contests and entertainments in which the school, a class, or pupils participate.

Our conclusion is that the school board here was required by § 125.06, subd. 2, to submit to the voters the question whether a new school building should be erected, and that it lacked authority to so

submit the question whether it should provide free transportation of pupils. Because there was statutory authorization for the former, the decision of the voters with respect to it was controlling and binding upon the board. Because there was no such authorization for the latter, the decision of the voters with respect to it had no controlling or binding effect. A different result is not compelled by the fact that both questions were submitted together as parts of a single question. An unauthorized submission cannot derive validity from the fact that it was coupled with an authorized one. The fact that the electors voted in favor of free transportation of pupils upon such an unauthorized submission of the question to them was not controlling and binding on defendant, and it could not be made so because the question was submitted with one lawfully submitted.

In certain cases the state and its political subdivisions may be estopped the same as an individual. Generally, however, estoppel will not be applied to prevent or hinder the exercise of governmental functions. Where estoppel is applied against a public corporation, it is with respect to acts done in a proprietary capacity. 2 Dunnell, Dig. & Supp. § 3211, where our cases are collected. In determining whether free transportation of pupils to and from school should be provided, the school board exercised governmental power. State ex rel. Klimek v. School District, 204 Minn. 279, 283 N. W. 397, *supra*. Hence, the doctrine of estoppel has no application here. We have examined the cases cited by plaintiffs and find that they are not in point. It would serve no useful purpose to distinguish them at length.

Affirmed.