DR. HERBERT J. GROVER, State Superintendent Department of PublicInstruction
You have sought my opinion on a proper interpretation of section 118.27, Stats. Your specific question is as follows:
 May a school district transfer assets received by it pursuant to § 118.27 to a nonprofit, non-stock § 501(c)(3) corporation which would manage such assets and distribute the principal and interest derived from such assets for the benefit of area high school students in the form of scholarships?
In my opinion, a school district lacks authority to make transfers of this nature.
The Wisconsin Supreme Court has stated that "[t]he establishment and operation of public schools is a governmental function of the state, and the legislature may and has delegated portions of that power to the various school districts." Buse v.Smith, 74 Wis.2d 550, 563, 247 N.W.2d 141 (1976). In keeping with this principle that school districts are arms of the state exercising delegated powers, it has long been recognized that school districts have only those powers given to them by statute and such other powers as are necessarily implied. State ex rel.Van Straten v. Milquet, 180 Wis. 109, 113, 192 N.W. 392 (1923); 61 Op. Att'y Gen. 204, 205 (1972). Section 118.27, the statutory section about which you are concerned, reads as follows: *Page 46 
 Gifts and grants. The school board of a district may receive, accept and use gifts or grants of furniture, books, equipment, supplies, moneys, securities or other property, real or personal, used or useful for school research and educational purposes. All moneys received as gifts or grants shall be placed in the school district treasury but shall be considered segregated trust funds. Whenever a school board receives gifts or grants under this section, it shall make such use thereof, or invest the same in the case of moneys, as the donor or grantor specifies. In the absence of any specific direction as to the use of such gifts or grants by a donor or grantor, the school board may determine the use of or invest the same in accordance with the law applicable to trust investments. In the use, control or investment of such gifts or grants, the school board may exercise the rights and powers generally conferred upon trustees.
Without question, this section gives a school board statutory authority to act as a trustee of gifts and grants made to and accepted by the school district. Your question, however, focuses upon whether that authority can be further delegated to a nonprofit, nonstock corporation. I find no express authority in section 118.27 for such delegation, and for several reasons I do not believe that the existence of such authority can be necessarily implied.
First, section 118.27 states that "[i]n the use, control or investment of . . . gifts or grants, the school board may exercise the rights and powers generally conferred upontrustees." The Wisconsin Supreme Court has recognized that "a trustee charged with the duty of administering a trust cannot delegate to agents powers vested in the trustee which involve an exercise of judgment and discretion . . . ." Muench v. PublicService Comm., 261 Wis. 492, 515-1, 53 N.W.2d 514, 55 N.W.2d 40
(1952). A contract between a school district and a non-profit corporation, whereby the school district would divest itself of the gift and grant moneys and the corporation would be empowered to make the discretionary investment and management decisions, would. in my opinion, directly contravene this principle.
Second, courts faced with issues regarding school districts'discretionary powers have quite consistently ruled that such powers, already delegated to the school district by the Legislature, cannot be further delegated to other entities. SeeBunger v. Iowa High *Page 47 School Athletic Association, 197 N.W.2d 555 (Ia. 1972), and cases cited therein. In Muehring v. School Dist. No. 31 of StearnsCounty, 224 Minn. 432, 28 N.W.2d 655, 658 (1947), the court explained that "[d]elegation of governmental power [to a public corporation, agency or officer] is a manifestation of legislative intention that only the public authority to which the delegation is made, and not some agency or person of its choosing, shall exercise such power."
Third, once gift and grant moneys are accepted by the school district, they become "public moneys" in accordance with section34.01(6). Chapter 34, dealing with public deposits, is very explicit in its requirements that public moneys be deposited promptly in an approved public depository. This, too, lends support to the conclusion that gift and grant moneys received by a school district cannot be diverted or transferred to a nonprofit, nonstock corporation without specific statutory authorization.
The only instance in which I find that a school board is empowered to transfer assets received by it under section 118.27
is outlined in section 66.30(2m). That section allows a group of school boards to form a nonprofit-sharing corporation to contract with the state or the University of Wisconsin for the furnishing of "services for educational study and research projects." Under section 66.30(2m)(e), the participating school hoards are authorized to transfer gifts and grants to the corporation. and the corporation is authorized to receive the gifts and grants "and be subject to their use, control and investment as provided in s. 118.27."
Please note that this opinion applies only to gifts and grants for which the donor or grantor has not specified a use or an investment scheme Under section 118.27, a school board must abide by donor or grantor specifications, if such specifications exist.
BCL:RCB