# STATE ex rel. BACKUS–BROOKS COMPANY v. DISTRICT COURT OF FOURTH JUDICIAL DISTRICT.[1]

July 16, 1909.

No. 16,263.

Application to this court for a writ of mandamus to compel the district court for Hennepin county to cancel a judgment for personal property taxes entered May 14, 1909, against Backus-Brooks Company, where the judgment roll shows a citation issued to "Backus, Brooks & Co." and a judgment against Backus-Brooks Company. Writ denied.

*Harris Richardson* and *Harold C. Kerr*, for relator.

*Al. J. Smith*, County Attorney, and *E. W. Gray*, Assistant County Attorney, for respondent.

PER CURIAM.

The relator, Backus-Brooks Company, petitioned this court for a writ of mandamus upon the following facts: A personal property tax judgment regular on its face was entered and docketed on the fourteenth day of May, 1909, in favor of the state of Minnesota and against the relator, for $1,785.79. No citation was ever issued to or served on relator on account of the personal property tax. The relator owned real property upon which the judgment was an apparent lien. The district court is threatening to, and is about to, and will, unless said judgment be canceled and set aside, issue an execution and sell said property. The relator had no adequate remedy, at law or otherwise. Upon this petition this court granted an order to show cause why the writ should not issue.

In this state personal property taxes are collected by proceedings which, so far as here involved, are strictly judicial in nature. Before judgment is entered, a prescribed citation must have been personally served on the owner of the property taxed. He is given an opportunity to appear and assert whatever defense he

[1]Reported in 122 N. W. 314.

may have. In consequence, where a personal tax judgment has been entered after failure to serve notice on the judgment debtor, the practice current in ordinary civil actions controls. Application for relief must be made in the district court, in which the judgment is docketed. This has been the invariable practice in this state, established for many years. It is adequate and sufficient. It is as "speedy" as is required of judicial proceedings by the constitution. It is true that it is not as "speedy" as mandamus. The present is one of the many constantly recurring instances in which it is improperly sought to use mandamus as a judicial short cut. Its application to cases of this kind would inundate this court with original hearings in default judgment cases, which in natural and orderly procedure should come first before the various district courts. We have examined the authorities to which relator refers us, and find nothing in them to change this conclusion.

The court declines to issue the writ.