INDEPENDENT SCHOOL DISTRICT NO. 581,
EDGERTON, MINNESOTA, v. DUANE J. MATTHEIS
AND OTHERS.

147 N. W. (2d) 374.

December 16, 1966—Nos. 40,184, 40,185, 40,186.

[7] See, also, City of St. Paul v. Ulmer, 261 Minn. 178, 111 N. W. (2d) 612.

384

*James E. Knutson, Peter S. Popovich,* and *Peterson & Popovich,* for appellant.

*Robert W. Mattson,* Attorney General, *Linus J. Hammond,* Assistant Attorney General, *Walter A. Tofteland,* County Attorney, *Marlyn Vollmer,* and *Skewes & Vollmer,* for respondents.

OTIS, JUSTICE.

Appellant seeks review of orders of the district court dismissing the complaint in a declaratory judgment action brought by it and another school district, as parties affected by a proposed school consolidation, to establish their right to "an agency hearing" before the commissioner of education.

In December 1964, an application was presented to the Minnesota Department of Education for approval of a plat consolidating Hardwick School District No. 667 with Luverne School District No. 670, pursuant to Minn. St. 122.23, subd. 6. The following month applications were received by the department proposing consolidations between Edgerton School District No. 581 and a portion of Hardwick District and subsequently between Jasper School District No. 582 and a portion of Hardwick. Counsel for Edgerton and Jasper on February 10, 1965, requested the Department of Education to grant them a hearing on these three proposals. Accordingly, on February 15, 1965, a meeting was held at which they were permitted to present to the commissioner evidence in opposition to the proposal of the Luverne and Hardwick Districts and

in support of their own proposals. On the same day the former consolidation was approved and those proposed by Edgerton and Jasper rejected.

Thereafter they brought this action praying for a determination that the Administrative Procedure Act required the commissioner of education to afford them a hearing and declaring null and void the action of the commissioner purporting to approve one consolidation and rejecting the others.[1] Upon the motion of defendants the complaint was dismissed on the ground it failed to state a claim upon which relief could be granted. Edgerton appealed.

Succinctly stated, it is the contention of appellant that because it advocated one consolidation and opposed another the rights and privileges of the adverse parties are required as a matter of due process to be determined only after an agency hearing. Appellant asserts that as a practical matter the hearing afforded by Minn. St. 127.25 on appeal to the district court from a final order of the commissioner is ineffective because it is limited to a determination of whether the action taken was within the commissioner's jurisdiction or was arbitrary, fraudulent, capricious, oppressive, or in unreasonable disregard of the interests of the territory affected. The only meaningful remedy available to it, appellant argues, is an opportunity to influence the judgment of the commissioner before he exercises it. To that end, appellant seeks a hearing before the commissioner at which it will be confronted by witnesses opposing its position; have a right to cross-examine them and rebut their testimony; be apprised of the evidence and expertise on which the commissioner will rely in rendering a decision; and have available a record and a transcript of all the proceedings and evidence which will influence the outcome. However reasonable and desirable these procedures may be, the only question now before us is whether or not the statute requires the commissioner to accord appellant the rights it demands. The following statute applies:

---

[1] The following are defendants in these proceedings: The commissioner of education; Luverne School District No. 670; Hardwick School District No. 667; and the school administrators and county auditors of Rock and Pipestone Counties.

§ 15.0411. "Subdivision 1. For the purposes of sections 15.0411 to 15.0422 the terms defined in this section have the meanings ascribed to them.

\* \* \* \* \*

"Subd. 4. 'Contested Case' means a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing."

Since it is conceded that there is no authority in § 122.23, subd. 6, for an agency hearing, it is a necessary prerequisite to determining appellant's legal rights, duties, and privileges only if it is required by the due process provisions of the State and Federal Constitutions. The appellant vigorously asserts that because it was not litigated below the defendants have no right to question in this court appellant's standing to raise the constitutional issue thus presented. It is true the matter was neither briefed nor argued in a way which squarely brought it to the attention of the trial court. Defendants did state that "the complaint conclusively shows that plaintiffs do not have capacity to maintain this action," contending that the right to intervene did not give them the right to maintain a direct action. While it is questionable whether this properly framed the issue, we will nevertheless consider it because we believe it to be of basic importance to a proper consideration of the appeal.

We are unable to find any authority, and none is called to our attention, granting one arm of government a constitutional right to adjudicate in any manner, except that specified by the legislature, its differences with another branch of government. As we read § 15.0411, the constitutional right to an agency hearing referred to in subd. 4 applies to individuals but not to subdivisions of government. Much the same question was raised in Town of Ashwaubenon v. Public Service Comm. 22 Wis. (2d) 38, 125 N. W. (2d) 647, 126 N. W. (2d) 567. There the dispute was between a town and an administrative agency of the state, and was held by the Wisconsin court not to be a "contested case," which under their statute is one where a hearing is required by law. Such a hearing has been construed in Wisconsin to be one authorized by statute or by the due process provisions of the constitution.

It has long been settled that school districts are quasi-municipal corporations and the creatures of statute, having only the rights expressly conferred on them by the legislature. They have no standing to challenge the constitutionality of a law which withholds from them other powers. Schweigert v. Abbott, 122 Minn. 383, 387, 142 N. W. 723, 724; Village of Blaine v. Independent School Dist. No. 12, 272 Minn. 343, 350, 138 N. W. (2d) 32, 38; In re Certain School Dists. Freeborn County, 246 Minn. 96, 103, 74 N. W. (2d) 410, 415; Attorney 'General ex rel. Kies v. Lowrey, 199 U. S. 233, 239, 26 S. Ct. 27, 29, 50 L. ed. 167, 170; Williams v. Mayor and City Council of Baltimore, 289 U. S. 36, 40, 53 S. Ct. 431, 432, 77 L. ed. 1015, 1020; Grigsby v. King, 202 Cal. 299, 304, 260 P. 789, 791; Town of Waterford v. Connecticut State Bd. of Education, 148 Conn. 238, 244, 169 A. (2d) 891, 895; Black River Regulating Dist. v. Adirondack League Club, 307 N. Y. 475, 487, 121 N. E. (2d) 428, 432; Pass School Dist. v. Hollywood Dist. 156 Cal. 416, 418, 105 P. 122, 123, 26 L. R. A. (N.S.) 485, 488.

Recently the Wisconsin court disposed of contentions similar to those presented here by holding that a municipality is not entitled to a formal hearing before the state superintendent of schools in connection with redistricting matters. State ex rel. City of La Crosse v. Rothwell, 25 Wis. (2d) 228, 130 N. W. (2d) 806, 131 N. W. (2d) 699. That case dealt extensively with the issue of whether due process is denied by the informal nature of such proceedings. There, as here, the superintendent's decision was based not only on evidence adduced at the hearing but on facts, data, and information within his own knowledge and experience and that of his staff. The Wisconsin court held that redistricting proceedings are not quasi-judicial but legislative in nature and the duty to render decisions in such matters may properly be delegated. In the absence of statutory authority for a formal hearing, the Wisconsin court said there was no denial of any constitutional right if the superintendent failed to follow court procedures (25 Wis. [2d] 239, 130 N. W. [2d] 811):

"* * * [T]he fair-play provisions of ch. 227, relating to notice of public hearing, right of cross-examination and the limitation that the decision must be based on matters placed in the record, are not applicable

to decisions made in the exercise of the legislative function but are limited in their application to contested cases. We agree with the trial court that in determining school-district boundaries on appeal under sec. 40.035 the state superintendent does not violate due process in arriving at his decision by relying on facts and information not produced at a hearing or without providing for a court-type hearing."

We concur in the court's reasoning and conclude that there is neither statutory authority nor a constitutional mandate that an agency hearing be conducted under § 15.0411, subd. 4. The proceedings before the commissioner of education do not, as to an affected school district, constitute a "contested case" within the meaning of § 15.0419 and for that reason the provisions of the Administrative Procedure Act are not applicable.

Affirmed.