DANIEL J. EDERER, FATHER AND NEXT FRIEND OF MARY ELLEN EDERER, A MINOR, APPELLANT, v. BERNARD J. VAN SANT ET AL., APPELLEES.

172 N. W. 2d 96

Filed November 21, 1969. No. 37166.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, for appellant.

Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action by Daniel J. Ederer as father and next friend of Mary Ellen Ederer to recover damages for injuries she sustained in an accident on November

8, 1967. Mary Ellen, who will be referred to as the plaintiff, was born on February 23, 1965.

The accident happened on November 8, 1967, at about 4 p.m., in Omaha, Nebraska. Paula Marie Van Sant, who will be referred to as the defendant, was driving a 1963 Ford automobile owned by her father, Bernard J. Van Sant, in a northerly direction on Westgate Road. It was a clear day and the pavement was dry. When the defendant reached the intersection at Frederick Street she was traveling 15 to 20 miles per hour.

Westgate Road is 30 feet wide. The Ederer home is the second house north of Frederick Street on the east side of Westgate Road. There is a driveway leading east from Westgate Road which is north of the Ederer home and approximately 144 feet north of Frederick Street.

The defendant testified that when she had just passed Frederick Street, or as her automobile was leaving the intersection, she saw a child standing in the driveway north of the Ederer house. The child, who was the plaintiff, was then 4 or 5 feet east of the east curbline of Westgate Road.

As Westgate Road proceeds to the north it curves to the east. There was a truck parked on the east side of Westgate Road on the curve. The defendant was driving with the left side of her automobile near the centerline of Westgate Road and as she proceeded north she began to "swing out" as she approached the bend or curve in Westgate Road.

The defendant testified that as she proceeded north on Westgate Road from the Frederick Street intersection, the plaintiff was in her view and was standing still in the driveway. The defendant did not see the plaintiff move, but as she passed the driveway north of the Ederer house she heard a "thump." The defendant stopped the automobile and found the plaintiff lying in the driveway. The right front door handle on the de-

fendant's automobile had struck the plaintiff's forehead injuring her.

At the close of the evidence the plaintiff moved for a directed verdict on the issue of liability. This motion was overruled, and the jury returned a verdict for the defendants. The plaintiff's motion for new trial was overruled and she has appealed.

The principal assignment of error relates to the overruling of the motion for a directed verdict on the issue of liability. The plaintiff contends that the evidence established that the defendant was guilty of negligence as a matter of law which was the proximate cause of the accident.

The driver of an automobile is not an insurer against injuries to children from the operation of a car. He is bound to exercise ordinary or reasonable care towards children as well as towards adults. The age, maturity, and intelligence of the child is a circumstance to be considered in determining whether or not the driver has exercised such care. Pullen v. Novak, 169 Neb. 211, 99 N. W. 2d 16.

The plaintiff argues that the defendant, after seeing the plaintiff in the driveway, never looked at her again; and that the defendant turned her attention to a remote truck and never saw or noticed the plaintiff again before the impact occurred. The defendant's testimony was that the plaintiff was in her view and standing still in the driveway as the defendant proceeded north on Westgate Road.

The defendant was required to maintain a lookout for other pedestrians and vehicles that might be using the street. The defendant was not required to devote her entire attention to the plaintiff who was standing in the driveway beside the street as the defendant approached. Under the facts and circumstances in this case it was a question for the jury whether the defendant exercised reasonable care toward the plaintiff.

The plaintiff also complains of a number of rulings

by the trial court on objections to questions asked by her counsel during his examination of the defendant. We have examined each of these rulings and find no prejudicial error in any of them.

The manner in which a witness may be examined is within the sound discretion of the court. State v. Adams, 181 Neb. 75, 147 N. W. 2d 144. The record in this case does not show an abuse of discretion by the trial court.

The judgment of the district court is affirmed.

AFFIRMED.

CARTER, J., concurs in the result.