# RALPH H. WATERS AND OTHERS v. RECTOR H. PUTNAM AND OTHERS.

183 N. W. (2d) 545.

January 15, 1971—Nos. 42419, 42420, 42421.

*Wallace C. Sieh,* County Attorney, for appellants.

*Douglas M. Head,* Attorney General, *Will H. Hartfeldt,* Deputy Attorney General, and *William G. Peterson,* Special Assistant Attorney General, for respondents, members of the Water Resources Board.

Heard before Knutson, C. J., and Nelson, Murphy, Kelly, and Rosengren, JJ.

NELSON, JUSTICE.

This is an appeal from an order of the District Court of Mower County entered January 12, 1970, quashing writs of certiorari and mandamus which had been issued on the relation of appellants.

On March 28, 1968, 248 freehold landowners and the city of Austin petitioned for the establishment of a watershed district in Freeborn and Mower Counties in accordance with Minn. St. 1967, § 112.37. Following proper notice in accordance with § 112.38, the Minnesota Water Resources Board held a hearing on the petition at Hollandale, Minnesota, on August 21, 1968.

The Water Resources Board issued an order on November 14, 1968, establishing the watershed district petitioned for and naming it the "Turtle Creek Watershed District." The area of this district included 150 square miles in Freeborn County and 7 square miles in Mower County. The portion of the district in Freeborn County is primarily agricultural in nature, while the portion in Mower County encompasses a large area of the western part of the city of Austin. The board's order further appointed the first board of managers of the Turtle Creek Watershed District pursuant to § 112.39, subd. 4, and vested the county boards of Freeborn and Mower Counties with power to appoint,

respectively, four managers and one manager to the subsequent board of managers in accordance with § 112.42, subd. 3.

On December 19, 1968, the Water Resources Board filed with the secretary of state its order establishing the Turtle Creek Watershed District. It also served the order on the initial managers of the watershed district, the county auditors of Freeborn and Mower Counties, and a number of interested persons, including the county attorneys and county commissioners of Freeborn and Mower Counties.

On June 2, 1969, Wallace C. Sieh, county attorney for Mower County, wrote to the Water Resources Board on behalf of the Mower County commissioners requesting a meeting with the board for the purpose of discussing a reopening of the proceedings establishing the Turtle Creek Watershed District. The board consented to this meeting and met with the Mower County delegation on July 7, 1969, at Wabasha, Minnesota. The subject of discussion between the delegation and the board was the dissatisfaction of Mower County with the present existence and organization of the watershed district.

After this meeting, a petition to reopen the proceedings establishing the watershed district was circulated among Mower County residents domiciled in the district. This petition, accompanied by a resolution of the county board supporting it, was sent to the Water Resources Board on July 25, 1969.

On September 19, 1969, the Water Resources Board issued an order in which it denied the petition to reopen the proceedings, concluding that "the Minnesota Watershed Act does not authorize the reopening of the proceeding establishing the Turtle Creek Watershed District"; and that "all legal requirements in this proceeding have been complied with and that it [the board] has no authority to grant the petition." On November 3, 1969, appellants Ralph H. Waters and Kenneth Cotter, residents and taxpayers of the Turtle Creek Watershed District in Mower County; and appellant Mower County Board of Commissioners obtained the issuance of a writ of certiorari to review this order.

Appellants at this time also obtained an alternative writ of mandamus to compel a different procedure for appointing the board of managers of the watershed district, under which the Mower County Board of Commissioners would appoint three managers and the Freeborn County board would appoint two.

Respondent Water Resources Board filed motions to quash both writs. After a hearing thereon, on January 12, 1970, the district court issued an order granting the motions.

The legal issues involved are (1) whether a writ of certiorari lay to review the order of the Water Resources Board dated September 19, 1969, denying the petition to reopen the proceedings; and (2) whether a writ of mandamus lay to compel a reorganization of the board of managers of the Turtle Creek Watershed District established pursuant to the order of the Water Resources Board dated November 14, 1968.

■ Appellants argue that the law provides no appeal from an order or final decision of the Water Resources Board and that a writ of certiorari is their only means to obtain judicial review of these orders. However, Minn. St. 15.0424 of the Administrative Procedure Act does provide for judicial review of agency decisions. Subd. 1 thereof provides:

"Any person aggrieved by a final decision in a contested case of any agency as defined in Minnesota Statutes, Section 15.0411, Subdivision 2 * * *, whether such decision is affirmative or negative in form, is entitled to judicial review thereof * * *."

Appellants argue that the board's orders do not come within the purview of the Administrative Procedure Act because proceedings to establish a watershed district are not "contested" within the meaning of § 15.0411, subd. 4. They cite Independent School Dist. No. 581 v. Mattheis, 275 Minn. 383, 147 N. W. (2d) 374, as authority for this proposition. In that case this court held that school districts which would be affected by a proposed consolidation were not entitled to a hearing before the commissioner of education under the Administrative Procedure Act, a conclu-

sion based in part on the fact that the statutes governing school districts did not require proceedings to be conducted pursuant to the Administrative Procedure Act.

In the instant case, however, the legislature has directed in § 112.801, subd. 8, of the Watershed Act:

"All proceedings before the [water resources] board shall be in conformity with Minnesota Statutes, Sections 15.0411 to 15.0422."

It would therefore appear that since the proceeding to establish the watershed district must be classified as a "contested" case or proceeding, appellants did have a right of appeal under Minn. St. 1967, § 15.0424, from the order of the Water Resources Board establishing the watershed district.

However, under § 15.0424, subd. 2(a), appellants had only 30 days from the time of service of the order within which to institute an appeal. The order of the board establishing the Turtle Creek Watershed District was filed with the secretary of state December 19, 1968, and copies were served by mail on the Mower County and Freeborn County auditors and the respective county attorneys and county boards, reaching them no later than the end of December 1968. Appellants had 30 days thereafter in which to appeal the board's order under the provisions of § 15.0424. The same can be said of the board's order of September 19, 1969, denying the petition to reopen the proceedings (if it were an order which could be reviewed). The board's order was served by mail on all appropriate persons on September 22, 1969, and under § 15.0424 an appeal could be taken within 30 days thereafter. In both instances, appellants allowed the time for appeal to expire and therefore are unable to proceed under § 15.0424. But since a right of appeal was accorded under the Administrative Procedure Act, the district court was without jurisdiction to consider the matter on certiorari. See, State ex rel. Grobe v. Oak Center Creamery Co. 269 Minn. 505, 131 N. W. (2d) 621, in which this court held that, where the time to appeal

from a judgment in a condemnation proceeding has expired, it was without jurisdiction to determine the constitutionality of a statute under certiorari proceedings.

Moreover, appellants' attempt to obtain review by certiorari was untimely. Minn. St. 606.01 states:

"No writ of certiorari shall be issued, to correct any proceeding, unless such writ shall be issued within 60 days after the party applying for such writ shall have received due notice of the proceeding sought to be reviewed thereby."

Appellants argue that the writ of certiorari is timely, having been obtained within 60 days of the Water Resources Board's order of September 19, 1969. This order, which refused to reopen the proceedings, provided no basis for appeal by certiorari or otherwise. Plunkett v. First Nat. Bank of Austin, 262 Minn. 231, 115 N. W. (2d) 235, would seem to be controlling on this point. At the time of that case, § 15.0424 had not yet been enacted and the Administrative Procedure Act contained no provisions for appeals from decisions of administrative agencies. Nor were there any appeal provisions under Minn. St. cc. 45, 47, and 48, relating to banks, trust companies, and financial institutions. The only means of reviewing decisions of agencies in the absence of statutory provisions for appeal was by writ of certiorari. In Plunkett, the Department of Commerce, pursuant to the Administrative Procedure Act, duly filed and made service of an administrative order on February 23, 1960. Five and one-half months later, petitioner, First National Bank, requested a reopening and a rehearing in the proceedings. When this request was denied, it obtained a writ of certiorari, as did appellants in the instant case. In granting the motion of the Department of Commerce to quash the writ, this court in Plunkett said (262 Minn. 248, 115 N. W. [2d] 246):

"Since there is no statutory provision for judicial review by appeal insofar as the described proceedings or order are concerned, it would follow that any judicial review thereof must be

sought under § 606.01, governing reviews by certiorari, and presumably relator chose to adopt this method of procedure here. Its petition for a rehearing was not made until August 5, 1960. It was denied on August 16, 1960, and on September 14, 1960, the present writ of certiorari was issued by this court. But since there are no statutory provisions for rehearings in matters determined by the Department of Commerce or the commissioner of banks; and since the present writ was issued long after the expiration of 60 days after relator had received notice of the order of the Department of Commerce, the conclusion is inescapable that the present proceedings are barred by the limitations prescribed in § 606.01, and that the courts no longer have jurisdiction to determine the validity of the department's order."

Applying the rule in Plunkett, appellants' real purpose in seeking the writ was to obtain review of the Water Resources Board's order of November 14, 1968, and not the order of September 19, 1969. Had certiorari otherwise been available, under Minn. St. 606.01 appellants would have had 60 days to obtain a writ of certiorari after service of the former order. This they failed to do.[1]

■ Minn. St. 586.02 provides:

"The writ [of mandamus] shall issue on the information of the party beneficially interested, but it shall not issue in any case where there is a plain, speedy, and adequate remedy in the ordinary course of law."

As has already been stated, the Administrative Procedure Act provided for a direct appeal from the board's order establishing the watershed district. By the express terms of § 586.02, the writ thus was not available to appellants. See, Zion Evangelical Lutheran Church v. City of Detroit Lakes, 221 Minn. 55, 21 N. W. (2d) 203; State ex rel. Gresham v. Delaney, 213 Minn. 217, 6

---

[1] It would also appear that the individual appellants would not be proper parties in a certiorari proceeding. See, State v. Tri-State T. & T. Co. 146 Minn. 247, 178 N. W. 603; In re Acquisition of Flying Cloud Airport, 226 Minn. 272, 32 N. W. (2d) 560.

N. W.. (2d) 97. The possibility of a statutory appeal from an administrative action would ordinarily seem to preclude resort to mandamus. This court has always been hostile to attempts to "use mandamus as a judicial short cut." State ex rel. Backus-Brooks Co. v. District Court, 108 Minn. 535, 536, 122 N. W. 314, 315; Swanson v. Alworth, 159 Minn. 193, 198 N. W. 453.

Moreover, mandamus, if otherwise available, could not properly issue on the facts before us since Minn. St. c. 112 gives the Water Resources Board discretion in apportioning the individual board of managers according to the water conservation needs of a multicounty watershed district. Minn. St. 1967, § 112.42, subd. 3, states in part:

"* * * If the district affects more than one county, distribution of the managers among the counties affected shall be as directed by the [water resources] board."

This court in Sinell v. Town of Sharon, 206 Minn. 437, 439, 289 N. W. 44, 45, stated:

"As mandamus is an extraordinary remedy, it necessarily follows that it will not lie to control discretion although it will lie to compel an officer to exercise discretion."

The record disputes appellants' intimation that they did not receive proper and sufficient notice of the orders. The right to appeal having lapsed, appellants cannot now do indirectly (by certiorari and mandamus) what they failed to do directly by appeal.

■ Since appellants manifestly failed to appeal from the order establishing the watershed district within the time prescribed by statute, the trial court could properly ignore the constitutional argument of appellants. However, we shall give those arguments brief consideration.

The gravamen of appellants' amended petition for the writ of mandamus is the alleged denial of "equal and constitutional representation." Minn. St. 586.02 provides that the writ of mandamus "shall issue on the information of the party beneficially

interested * * *." Under the circumstances, the individual appellants are denied no representation, since by statute the board of managers of the watershed district never stands for election. The first board of managers is appointed by the Water Resources Board; the subsequent managers are representatives and appointees of the county boards. § 112.42, subd. 3. Since the managers are not the representatives of the individual taxpayers and residents, such persons are not beneficially interested in such representation. See, State ex rel. Currie v. Weld, 39 Minn. 426, 40 N. W. 561.

In all the reapportionment cases relating to political subdivisions of the states, the United States Supreme Court has restricted the operation of the "one-man, one-vote" rule to situations involving elective public bodies. Gray v. Sanders, 372 U. S. 368, 83 S. Ct. 801, 9 L. ed. (2d) 821; Kramer v. Union Free School Dist. 395 U. S. 621, 89 S. Ct. 1886, 23 L. ed. (2d) 583. See, also, Hadley v. Junior College Dist. 397 U. S. 50, 58, 90 S. Ct. 791, 796, 25 L. ed. (2d) 45, 52, where that court said:

"* * * We have also held that where a State chooses to select members of an official body by appointment rather than election, and that choice does not itself offend the Constitution, the fact that each official does not 'represent' the same number of people does not deny those people equal protection of the laws."

Hanlon v. Towey, 274 Minn. 187, 142 N. W. (2d) 741, cited by appellants, is not in point, since appellants Cotter and Waters cannot be said to be "voters" of the Turtle Creek Watershed District, public offices thereunder not being elective.

Moreover, the county commissioners have no standing to bring suit against the state for alleged denials of the "constitutional rights" of the county. Hanlon v. Towey, supra, made clear that the "one-man, one-vote" principle derives its existence from the equal protection clause of the Fourteenth Amendment of the Federal Constitution, which provides in part:

"* * * [N]or shall any State deprive any person of life,

liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

The board of commissioners of Mower County is not a "person" who can assert the denial of equal protection of the laws under the Fourteenth Amendment.

"* * * However, there is no rule that counties, as counties, must be treated alike; the Equal Protection Clause relates to equal protection of the laws 'between persons as such rather than between areas.'" Griffin v. County School Board of Prince Edward County, 377 U. S. 218, 230, 84 S. Ct. 1226, 1232, 12 L. ed. (2d) 256, 264.

See, also, Independent School Dist. No. 581 v. Mattheis, 275 Minn. 383, 386, 147 N. W. (2d) 374, 377.

As a matter of law, the state legislature has broad discretion in determining the form of governance of public corporations and in delegating governmental power to such agencies. See, Muehring v. School Dist. No. 31, 224 Minn. 432, 28 N. W. (2d) 655.

Rebuttal of appellants' equal protection argument may be found in a recent decision of the United States Supreme Court, Sailors v. Board of Education, 387 U. S. 105, 87 S. Ct. 1549, 18 L. ed. (2d) 650, where the court held that a method of selecting county school boards, not by the electors of the county, but by delegates from local boards, did not offend the Federal Constitution, stating (387 U. S. 110, 87 S. Ct. 1553, 18 L. ed. [2d] 655):

"Viable local governments may need many innovations, numerous combinations of old and new devices, great flexibility in municipal arrangements to meet changing urban conditions. We see nothing in the Constitution to prevent experimentation."

Similarly, the legislature and the Water Resources Board as its agency must be accorded some "flexibility in municipal arrangements" in order to deal with the critical environmental issues which presently face the State of Minnesota.

Under the foregoing authorities, it is manifest that the Water

Resources Board's order distributing managers between Mower County and Freeborn County was not in violation of appellants' rights to equal protection of the laws under the Fourteenth Amendment.

There was no error on the part of the trial court in quashing the writs of certiorari and mandamus, and its order must be affirmed.

Affirmed.