**Peter JURKOVICH, Relator,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 708, TOWER, MINNESOTA, Respondent.**

**No. C7–90–2006.**

Court of Appeals of Minnesota.

March 26, 1991.

Douglas L. Skor and Neal T. Buethe, Briggs and Morgan, St. Paul, for relator.

John M. Roszak and Terrence J. Foy, Ratwik, Roszak, Bergstrom & Maloney, Minneapolis, for respondent.

Roger A. Aronson, Rischmiller, Wasche, Knippel, Rischmiller & Aronson, Minneapolis, for amicus curiae Minnesota Ass'n of School Administrators.

Considered and decided by FOLEY, P.J., and CRIPPEN, and KLAPHAKE, JJ.

## OPINION

CRIPPEN, Judge.

Relator Jurkovich appeals from the district board's decision to terminate his continuing contract as of June 30, 1991. We reverse.

## FACTS

Relator Peter Jurkovich has been employed in public education for 24 years. Since 1981, he has served as the superintendent for the respondent district. In August 1989, he entered into his most recent employment contract. The contract is to remain "in full force and effect, except if modified by mutual consent of the school board and the superintendent or unless terminated as provided by law or written resignation."

In 1990, the legislature amended Minn. Stat. § 125.12 (1988) by removing superintendents from the tenure laws. Now, a "superintendent is a 'teacher' only for purposes of [Minn.Stat. § 125.12] subdivisions 2 and 14." [1] 1990 Minn.Laws ch. 562, art. 8, § 29. This section expressly applies to "contracts entered into or modified after July 1, 1990." *Id.* § 47.

The district offered relator a new contract on August 1, 1990, with the same salary terms as the 1989 contract. Relator never signed this contract, but instead chose to continue service under his old contract. On August 9, 1990, the district board passed a resolution not to renew relator's contract beyond June 30, 1991, because the school district and relator were "parties to a modified employment contract" subject to the amendments to section 125.12.

## ISSUE

Does the 1990 legislation on superintendents apply to one who enjoys rights under a continuing contract entered into before July 1, 1990?

## ANALYSIS

■ A school board's decision to terminate a teacher will be set aside only if the decision is "fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction, or is based on an erroneous theory of law." *Liffrig v. Indepen-*

---

**1.** Subdivision 2 requires, among other things, that contracts be written; subdivision 14 gives employees access to their personnel files. Minn.Stat. § 125.12, subds. 2, 14 (1990).

*dent School Dist. No. 442,* 292 N.W.2d 726, 729 (Minn.1980).

Normally, a contract for public school educators is subject to legislative enactments on continuing contract law. *Minnesota Ass'n of Public Schools v. Hanson,* 287 Minn. 415, 423, 178 N.W.2d 846, 852 (1970). If the legislature intends to exempt from the amendment teachers who previously acquired continuing contract rights, it should include a savings clause in the amending act. *Id.* at 423–24, 178 N.W.2d at 852–53. Coinciding with this legal principle, the 1989 contract of the parties guarantees the parties benefits under section 125.12 "as amended." The parties agree that if the legislature had immediately terminated continuing rights for school superintendents, this legislation would have affected existing contracts. Here, however, the legislature expressly provided that its modification was only effective for contracts made or modified after July 1, 1990. The district contends that relator is subject to the modification of tenure for his service after July 1, 1990. This proposition is without merit.

In a section entitled "effective dates," the legislature has clearly delayed effect of its change of laws to exempt superintendents serving on July 1, 1990, unless their continuing contract for services is subsequently modified or replaced. All applicable rules of construction require respect for language chosen by the legislature. Minn. Stat. § 645.17, subd. 2 (1990) (statutes should be interpreted to give all provisions effect); Minn.Stat. § 645.19 (1990) (provisos shall be construed to limit rather than extend operation of the statute); Minn. Stat. § 645.26, subd. 1 (1990) (particular provisions shall control over general provisions in a statute). Relator also contends that immediate implementation of changes of continuing contract law would unconstitutionally impair existing contracts and

that we must interpret statutes to avoid such a result.[2] *See* Minn.Stat. § 645.17, subd. 3 (1990) (statutes should be interpreted to avoid unconstitutional results).

■ The school district first urges that relator has modified his contract by failing to negotiate a new contract. Because the contract contemplates periodic negotiation, especially on the subject of salary, the school district contends that renegotiation is mandatory and that by failing to negotiate after July 1, 1990, relator is working under a modified contract. To the contrary, there is no language in the contract requiring negotiation. The superintendent has the freedom to continue under the existing contract so long as he makes no demands. In particular, by continuing to serve under the 1989 contract, the superintendent loses the opportunity to renegotiate his salary. Absent his execution of a new contract, the old contract is not modified. *See Tatter v. Board of Educ. of Indep. School Dist. No. 306,* 490 F.Supp. 494, 497 (D.Minn.1980) (superintendent contract cannot be modified unilaterally), *aff'd,* 653 F.2d 315, 316 (8th Cir.1981) (per curiam); Minn.Stat. § 125.12, subd. 4 (1990) (continuing contracts can be modified only by mutual consent of the school board and the teacher).

The district further contends that the statute becomes immediately effective because the continuing contract accords tenure rights under section 125.12 "as amended." This argument would be plausible if in fact the legislature provided for immediate amendment of continuing contract laws. Here, the effective date of the legislation was specifically postponed. 1990 Minn.Laws ch. 562, art. 8, § 47. As to relator, the statute has not been amended.

## DECISION

Because relator's contract has not been modified since July 1, 1990, the amend-

---

**2.** Relator contends that immediate implementation of the amendments would violate the Minnesota and United States constitutions. *See* U.S. Const. art. I, § 10; Minn. Const. art. I, § 11. He contends that the legislature has no "significant and legitimate public purpose" to justify application of the amendments to preex-

isting superintendents' contracts. *See Energy Reserves Group, Inc. v. Kansas Power & Light Co.,* 459 U.S. 400, 411–12, 103 S.Ct. 697, 704–05, 74 L.Ed.2d 569 (1983). Because we decide this case on statutory grounds, we need not resolve these contentions.

ments removing superintendents from continuing contract laws do not apply to him.

Reversed.