LOUISVILLE, N. A. & C. RY. CO. v. LOUISVILLE TRUST CO. et al.

(Circuit Court, D. Kentucky. February 9, 1897.)

CERTIORARI BY SUPREME COURT TO CIRCUIT COURT OF APPEALS—EFFECT AS TO TRIAL COURT.

The effect of a certiorari, when awarded by the supreme court in a cause decided by the circuit court of appeals, is to suspend any action that might be taken by that court, or by the trial court in obedience to its mandate; but it does not restore jurisdiction to the trial court, nor give such court authority to set aside orders legally and properly made, in obedience to the mandate of the circuit court of appeals, before the writ of certiorari was awarded.

George W. Kretzinger and Pritle & Trabue, for complainant.
St. John Boyle and Swager Sherley, for defendants.

BARR, District Judge. The Louisville, New Albany & Chicago Railway Company obtained a judgment against the Louisville Trust Company and others in this court, which declared that a guaranty which was indorsed upon certain coupon bonds issued by the Richmond, Nicholasville & Beattyville Railway Company by said Louisville, New Albany & Chicago Railroad Company was ultra vires and invalid, and which directed that the guaranty thereon should be canceled, and the injunction which was originally granted, preventing the transfer of said bonds with the guaranty thereon, was made perpetual. From this judgment the Louisville Trust Company and others, holders of said bonds, appealed with supersedeas bonds to the circuit court of appeals, and that court reversed the judgment of this court, holding that the guaranty was invalid as to the appellants, and directed by mandate that the bills filed by the Louisville, New Albany & Chicago Railway Company should be dismissed, with costs. 22 C. C. A. 378, 75 Fed. 433. The mandates of the circuit court of appeals in the several cases were dated October 8, 1896, and filed in this court on November 14, 1896, and on the same day, pursuant to and in obedience to said mandates, on motion of the appellants, an order was entered by this court dismissing the bills, with costs in favor of the several appellants except the Louisville

Banking Company, the Kentucky National Bank, and W. W. Jenkins. On the 1st day of December, 1896, the Louisville, New Albany & Chicago Railway Company filed the affidavit of its counsel, together with a copy of the order of the supreme court of the United States, granting a writ of certiorari to the United States circuit court of appeals for this circuit in the cause, and moved this court to set aside the order of dismissal entered on the 14th day of November, 1896. This affidavit was accompanied with a copy of said order as stated, attested by the clerk of the supreme court of the United States, showing that the writ of certiorari was granted on the 16th day of November, 1896, to the circuit court of appeals of this circuit. It also appeared from the statement of said affidavit that notice of the fact that an application would be made on the 9th day of November, 1896, to the supreme court by the Louisville, New Albany & Chicago Railway Company for a writ of certiorari was accepted by counsel for defendants on the 12th of October, 1896, and that such motion was made on the 9th of November, 1896, to the supreme court of the United States, and granted on the 16th day of November, 1896. When the original bill was filed against the several parties an injunction bond was executed by the complainant, the Louisville, New Albany & Chicago Railway Company, to the several parties who were then defendants, the condition of which was that the obligors therein would pay to the obligees, or such of them as might be damaged by the injunction then granted, such damages as they, he, or it might sustain by reason of the issuing of said injunction, if it be finally decided that said injunction ought not to have been granted; and when the bill was amended, bringing in other parties, another injunction bond was executed by complainant with security, conditioned as in the first bond. On the 2d of February, 1896, the defendants the Louisville Trust Company and others, obligees in the said injunction bonds, moved the court to refer the case to a special master to hear and determine as to what damage, if any, said obligors of said bonds shall pay to said obligees therein, and report the same to the court for action thereon. Both of these motions have been submitted.

It will be seen from this brief statement of the facts that the writ of certiorari which issued from the supreme court was issued to the circuit court of appeals, and not to this court; nor has that court made any order on this court in regard to its action. The motion of the Louisville, New Albany & Chicago Railway Company to have this court set aside the order entered on the 14th of November, 1896, is upon the theory that this court still has control over the judgment then entered, as the motion to set it aside was made during the same term, and that the effect of the certiorari issued by the supreme court of the United States upon the circuit court of appeals is to set aside the action of the circuit court of appeals and the action of this court thereunder, and leave the cause as if it had gone up upon appeal directly to the supreme court. We have been unable to find any ruling of the supreme court or any established practice in regard to the effect upon the trial court of a writ of certiorari granted as in this case. The act of March 3, 1891, provides that:

"Whenever on appeal or writ of error or otherwise, a case coming directly from the district court or existing circuit court shall be reviewed and determined in the supreme court the cause shall be remanded to the proper district or circuit court for further proceedings to be taken in pursuance of such determination." "Whenever on appeal or writ of error or otherwise a case coming from a district or circuit court shall be reviewed and determined in the circuit court of appeals in a case in which the decision in the circuit court of appeals is final such cause shall be remanded to the said district or circuit court for further proceeedings to be taken in pursuance of such determination."

### And it provides in another section:

"That in any such case as hereinbefore made final in the circuit court of appeals it shall be competent for the supreme court to require, by certiorari or otherwise, any such case to be certified to the supreme court for its review and determination with the same power and authority in the case as if it had been carried by appeal or writ of error to the supreme court."

### And in another provision:

"Whenever on appeal or writ of error or otherwise a case coming from a circuit court of appeals shall be reviewed and determined in the supreme court the cause shall be remanded by the supreme court to the proper district or circuit court for further proceedings in pursuance of such determination."

Thus the acts of congress give the circuit courts of appeals in those cases over which they have appellate jurisdiction and can enter a final judgment plenary power to remand the case to the inferior court, with such direction as they might determine. This mandate thus entered must be obeyed by the inferior court, unless it has been suspended or superseded by a certiorari from the supreme court for the purpose of review or determination. This statute, while it gives full power to the supreme court to remand to the trial court for such proceedings as may be proper to carry out the final judgment of that court, is silent as to what should be done in the interim between the adjudication by the circuit court of appeals and the final adjudication by the supreme court. It must, of necessity, be still a pending suit, and the parties must, by the terms of the act of 1891, be subject to the final adjudication of the supreme court. Here we have an injunction granted originally by the trial court, and the relief granted upon final hearing, the case taken to the circuit court of appeals, and there an adjudication reversing the case, with a mandate issuing from that court directing this court to dismiss the bill, and with it the injunction, with costs; and the inquiry is whether this court can now, while the case is pending in the supreme court, set aside this order entered under the mandate of the circuit court of appeals.

At common law the writ of certiorari is used for two purposes: First, as an appellate proceeding for the re-examination of some action of an inferior tribunal; and, second, as an auxiliary process to enable the court to obtain further information in respect to some matter already before it for adjudication. It is for the latter purpose that the writ has been usually employed by the supreme court. The removal of a proceeding by a writ of certiorari at common law might have been both before and after final judgment. Here, by the terms of the statute, the supreme court has the same authority over a cause removed by certiorari as if it had been carried there

by appeal or writ of error. The authorities at common law seem to differ somewhat as to whether, in addition to the writ of certiorari, an order of supersedeas should be issued to or by the inferior court. Perhaps the better authorities are that the certiorari, when awarded, and notice thereof given, was in itself a supersedeas. We think this is the effect of the certiorari granted under this act of 1891 by the supreme court.

In the case of Ewing v. Thompson, 43 Pa. St. 377, Judge Strong, afterwards Justice Strong of the supreme court, in discussing the effect of a writ of certiorari, speaking for the Pennsylvania supreme court, says:

"Very many English as well as American authorities are collected in Patchin v. Mayor, etc., 13 Wend. 664. There are very many others, all holding a common-law writ of certiorari, whether issued before or after judgment, to be, in effect, a supersedeas. There are none to the contrary. In some of them it is ruled that action by the inferior court after the service of the writ is erroneous; in others it is said to be void, and punishable as a contempt. They all, however, assert no more than the power of the tribunal to which the writ is directed is suspended by it, that the judicial proceedings can progress no further in the lower court."

In McWilliams v. King, 32 N. J. Law, 23, it is held that at common law a supersedeas was issued by the inferior court after the certiorari was awarded, but the New Jersey practice was for the superior court to issue the supersedeas. And the court, in the course of its opinion, said:

"But it is to be remembered that the writ of certiorari is of itself and proprio vigore a supersedeas. Neither the inferior court nor the officer holding the process of such inferior court can rightfully proceed after formal notice of its having been issued. Every act done after such notice is not only irregular, but absolutely void; and the parties doing such acts are trespassers."

See, also, 2 Hawk. P. C. pp. 400–416; 1 Bac. Abr. "Certiorari," G; Com. Dig. "Certiorari," G.

It would seem from this view that after a certiorari was issued by the supreme court the authority and power of the circuit court of appeals over the proceedings was at least suspended. I find in Union Pac. Ry. Co. v. Chicago, R. I. & P. Ry. Co., 163 U. S. 593, 16 Sup. Ct. 1184, this language used by the supreme court in noticing a point which had not been raised in the circuit court, nor assigned for error to the decree in the circuit court of appeals, viz.:

"It is admitted that the point is raised for the first time in this court. We have to determine in this appeal whether in our judgment the circuit court of appeals did or did not err, and affirm or reverse accordingly. It is true that our decision necessarily reviews the decree of the circuit court in reviewing the action of the court of appeals upon it, and under the statute our mandate goes to the circuit court directly; but it is, notwithstanding, the judgment of the circuit court of appeals that we are called upon primarily to review. It will be seen then that the judgments of the circuit court of appeals should not ordinarily be re-examined on the suggestion of error in that court in that it did not hold the action of the circuit court erroneous, which was not complained of. We will, however, make a few observations on the point thus tardily presented."

In this case there was an appeal from the circuit court of appeals. In the case of Telfener v. Russ, 162 U. S. 170, 16 Sup. Ct. 695, a writ of certiorari was issued by the supreme court to the circuit court of appeals, and the case brought there in that way. In that

case the judgment of the circuit court was affirmed by the circuit court of appeals, and reversed by the supreme court. The order is that "the judgment of the circuit court of appeals should be reversed, and the judgment of the circuit court should also be reversed, and the cause remanded, with directions to set aside the verdict and grant a new trial." It does not appear from the report of the case whether the mandate went to both the circuit court of appeals and circuit court, or only to the circuit court.

We conclude, in the absence of any ruling or decision of the supreme court that the effect of a certiorari, when awarded in a cause decided by the circuit court of appeals, is to suspend any action that that court may take, or any action that might be taken by the trial court in obedience to the mandate of the circuit court of appeals after the certiorari is awarded; but it does not restore jurisdiction to the circuit court, nor does it give to that court any authority to set aside orders legally and properly made before the writ of certiorari is awarded. It, however, suspends any further action by the circuit court of appeals, or by the trial court in obedience to the adjudication of the circuit court of appeals after the writ has been awarded, or at least when the court is notified of the issuing of the writ of certiorari by the supreme court, and its service upon the circuit court of appeals. It may be that in this case the original complainants may suffer loss and inconvenience by the condition in which this record is, and it might be desirable for some rule to be established by the supreme court or the circuit court of appeals by which the judgment of the circuit court might be suspended upon proper conditions when there is to be an application for a writ of certiorari to the supreme court; but we are strongly inclined to the opinion that this court, in the present condition of the record, cannot grant the order to set aside the judgment entered dismissing the complainant's bill. We will not, however, overrule the motion, but leave it undisposed of until the question is definitely settled as to the power of the court.

The fact that notice for an application for a writ of certiorari was accepted by the counsel for defendants on the 12th of October, 1896, and the motion had actually been made in the supreme court before the order of dismissal was entered, does not, we think, affect the question of the court's authority now to set aside such order.

The motion of the defendants of the 2d of February to refer these cases to have the damages ascertained must, for the reason already given, be overruled, and for the further reason that by the terms of the injunction bond damage was only to be recovered if it be finally decided that the injunction ought not to have been granted; and in this case it has not been finally decided, but is still pending in the supreme court. We do not now express any opinion as to whether or not damages could be ascertained in the mode suggested by this motion. This motion of the defendants will be overruled, and no order made in the other motion at present.