## FRANCES S. MARTIN v. RUSSELL K. MARTIN.[1]

March 28, 1941.

No. 32,592.

See 204 Minn. 621, 284 N. W. 294.

*W. T. Coe,* for appellant.

*Arthur C. Strauman,* for respondent.

PER CURIAM.

This is an appeal from an order of the district court finding the defendant in contempt of court for his failure to pay alimony as decreed in the previous divorce action and denying defendant's

[1] Reported in 297 N. W. 113.

motion to readjudicate the question of alimony by eliminating all past alimony and attorney's fees.

Plaintiff instituted divorce proceedings on May 7, 1937, and on March 8, 1938, the court awarded her an absolute divorce. The custody of a minor daughter, Kay, was given to plaintiff, and a minor son, James, was given to defendant. The defendant was ordered to pay alimony in the sum of $75 per month for the support of his wife and minor daughter. On plaintiff's motion the court refused to amend that part of its decision relating to the custody of the minor son. Plaintiff appealed to this court, but the lower court's order was affirmed. Martin v. Martin, 204 Minn. 621, 284 N. W. 294.

On January 30, 1940, the return date of an order to show cause why defendant should not be adjudged in contempt of court for his failure to pay alimony as ordered by the court in its decree of March 8, 1938, the hearing was adjourned to March 28, 1940, at which time plaintiff and defendant appeared, filed affidavits, and gave testimony. April 19, 1940, the court entered the order from which this appeal is taken.

The defendant contends that the plaintiff was not entitled to the relief sought for the reason that she did not come into equity with clean hands, that is, that she failed to turn over in good faith the custody of the son James and that she turned the boy against defendant by telling the boy that if he stayed with his father his food would be poisoned and he would be sent to jail. Defendant admits that he is in arrears on his alimony payments but alleges that he is unable to pay because of his lack of employment although he has diligently tried to obtain work. The plaintiff denies all the defendant's allegations. The defendant moved the court to readjudicate the question of alimony by eliminating all past alimony and attorney's fees because of his inability to pay them, and the court denied this motion. It was finally agreed by the parties that only the matters in controversy arising out of facts occurring since the entry of the decree should be adjudicated.

Careful scrutiny of the record leads us to the conclusion that the court was justified in its conclusion and in sentencing defendant for contempt. His testimony fell far short of purging him of contempt. It would serve no useful purpose to discuss it in detail. Such being the case, we cannot disturb the trial court's conclusion.

Order affirmed.