## ARTHUR RAMBERG AND OTHERS v. DISTRICT COURT OF RAMSEY COUNTY AND OTHERS.[1]

February 5, 1954.

No. 36,221.

*J. A. A. Burnquist,* Attorney General, *Charles E. Houston,* Assistant Attorney General, for petitioners.

[1]Reported in 62 N. W. (2d) 809.

*Bryngelson, Pratt & Bradley* and *M. E. Culhane,* for C. B. Thomas, *amicus curiae.*

KNUTSON, JUSTICE.

This case is here on an original application for a writ of prohibition. The same case has been here before. Thomas v. Ramberg, 240 Minn. 1, 60 N. W. (2d) 18. Many of the facts stated in our former opinion need not be restated here. It is sufficient to say that after our former decision the industrial commission issued its wage order No. 20 determining minimum wages for women and children. Thereafter, C. B. Thomas, claiming to have been aggrieved by the order, procured a writ of certiorari issued out of the district court of Ramsey county to the industrial commission to review the order so issued. At the same time, contending that the wage order had not been issued according to law, he obtained an alternative writ of mandamus commanding the industrial commission to proceed according to law or to show cause why it had not done so and also restraining the industrial commission from enforcing the wage order pending a hearing. Being in doubt as to the jurisdiction of the district court to proceed by mandamus, we issued our alternative writ of prohibition restraining any further proceeding.

It is the contention of Thomas that certiorari is inadequate to review the validity of the order involved and that, therefore, mandamus is a proper ancillary remedy. His contention that the order is void is based on substantially the same claim as was made in the former appeal and, basically, raises the question whether the order was made according to law. M. S. A. 177.08, which is the principal statutory provision involved, reads:

"Whenever an order or decision of the commission affecting minimum wages is contemplated, the commission shall establish an advisory board, which shall serve without pay, consisting of not less than three, nor more than ten, persons representing employers, and an equal number of persons representing the workers in the occupation, and of one or more disinterested persons appointed by the commission to represent the public; but the number of representatives of

the public shall not exceed the number of representatives of either of the other parties. At least one-fifth of the membership of any advisory board shall be composed of women, and at least one of the representatives of the public shall be a woman. The commission shall make rules and regulations governing the selection of members and the modes of procedure of the advisory boards and exercise exclusive jurisdiction over all questions arising with reference to the validity of the procedure and determination of these boards. The selection of members representing employers and employees shall be so far as practicable from names submitted by employers and employees, respectively. Recommendations of the advisory board shall be advisory only, and not binding upon the commission."

Prior to the adoption of the above section, which came into effect on July 1, 1951, the statutes left it discretionary with the commission whether such advisory board should be appointed or not. After the above amendment, it was mandatory upon the commission that such board be appointed. Thomas now contends, as he did in the former case before us, that the commission failed to comply with the above statutory provision in that it (1) failed to make rules and regulations governing the selection and modes of procedure of the advisory board; (2) appointed as one of the members to represent the public one Florence Burton, who was not a disinterested person within the meaning of the statute; (3) failed to appoint one male person to represent the public; and (4) failed to appoint as a member of the advisory board to represent the employers a person residing in a city, town, village, borough, or township within certain classifications established by the commission. On its merits the case ultimately will involve the question whether these requirements were mandatory or directory, and we need not determine the merits here.

Thomas further contends that a review by certiorari will not permit him to introduce evidence to show that the commission failed to comply with the statute in these respects.

It is the contention of petitioners as members of the industrial commission that the court exceeded its jurisdiction in issuing the alternative writ of mandamus; that they cannot now comply there-

with; and that consequently prohibition is now the proper remedy to restrain the enforcement of the writ of mandamus.

In State ex rel. Spurck v. Civil Service Board, 226 Minn. 240, 248, 32 N. W. (2d) 574, 580, we said with respect to the function of a court on a review by certiorari:

"The function of the court on certiorari in reviewing the determination of an administrative agency is to decide questions of law raised by the record, but not disputed questions of fact on conflicting evidence. Where there is no evidence to support an administrative finding or the evidence as a matter of law compels a finding contrary to the administrative one, as where the evidence was all one way and the administrative agency found to the contrary, the finding so made constitutes error of law, which it is the duty of the court to reverse."

In the same case involving a separate appeal, State ex rel. Spurck v. Civil Service Board, 226 Minn. 253, 259, 32 N. W. (2d) 583, 586, we said with respect to the use of mandamus as an ancillary remedy to certiorari:

"Mandamus is the proper remedy to enforce performance by the state civil service board of duties which the law clearly and positively requires. * * *

"Whether the board's determination * * * was a bar to this proceeding, as the court below held it was, depends upon whether the board had jurisdiction to make the order in question. This raises a question concerning jurisdiction of the subject matter.

"Jurisdiction of an administrative agency consists of the powers granted it by statute. Lack of statutory power betokens lack of jurisdiction. It is therefore well settled that a determination of an administrative agency is void and subject to collateral attack where it is made either without statutory power or in excess thereof."

The same can be said here. If it can be shown that the commission failed to take the preliminary steps to issuance of the wage order which are required by statute, the order may be void and, as a void order, could be collaterally attacked. Whether the commission did

fail to take such preliminary steps as to permit the issuance of the order cannot be determined in the review by certiorari. We think that under these circumstances it is proper to use mandamus as an ancillary remedy to certiorari.

In State ex rel. Spurck v. Civil Service Board, 226 Minn. 240, 252, 32 N. W. (2d) 574, 582, we said:

"* * * Where the interests of justice so require, separate judicial proceedings may be integrated so as to afford the parties the relief to which the law entitles them. This proceeding in certiorari should be treated as ancillary to the one in mandamus, to the end that the right established here may be enforced there. Certiorari may be employed as 'an auxiliary process to enable the court to obtain further information in respect to some matter already before it for adjudication.' L. N. A. & C. Ry. Co. v. Louisville Trust Co. (C. C.) 78 F. 659, 661. Certiorari may be used as ancillary to mandamus, and where it is mandatory rights established on certiorari will be enforced by mandamus."

While that case held that certiorari may be used as a remedy ancillary to mandamus, it should also be true that, where certiorari is inadequate to test the validity of an administrative order, mandamus may be used as a remedy ancillary to certiorari in order to afford an interested party relief which otherwise would be denied.

The alternative writ of mandamus only requires the members of the commission to comply or show cause why they have failed to do so. If upon such showing it appears that the steps required by the statute as legal prerequisites to the issuance of a valid order have been taken, that should end the matter. If on the other hand it should appear that such steps have not been taken, it should follow that the order is void and the commission could then be compelled by mandamus to proceed according to law. Unless it is clear that the district court has no jurisdiction to make such determination, we should not restrain it by prohibition. The effect of so doing is to place an interested party in the anomalous position that he could not obtain injunctive relief before the order was made because

he could not then prove irreparable damage,[2] and he could not obtain relief after the order was made because the order was then a fact accomplished. In other words, his petition for an injunction prior to the issuance of the order was premature, but his petition for a writ of mandamus after its issuance was too late. He now rightfully asks, if both positions are correct, at what point can he test the power of the commission to make the order? It is apparent that a review by certiorari is quite inadequate to enable Thomas to present evidence to establish the facts upon which he relies to determine the alleged invalidity of the order involved.

It is our opinion that the writ of prohibition should be quashed. No costs or disbursements will be allowed.

[2]See, Thomas v. Ramberg, 240 Minn. 1, 60 N. W. (2d) 18.