## NORTHWOODS ENVIRONMENTAL INSTITUTE, et al., Petitioners,

v.

## MINNESOTA POLLUTION CONTROL AGENCY, Respondent.

No. C3–85–1081.

Court of Appeals of Minnesota.

July 2, 1985.

Grant J. Merritt, Minneapolis, for petitioners.

Hubert H. Humphrey, III, Atty. Gen., Eldon G. Kaul, Asst. Atty. Gen., Roseville, for respondent.

Maclay R. Hyde, Bassford, Heckt, Lockhart & Mullin, P.A., Minneapolis, for Reserve Mining Co.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., without oral argument.

## MEMORANDUM OPINION

POPOVICH, Chief Judge.

### FACTS

In *Reserve Mining Company v. Minnesota Pollution Control Agency*, 364 N.W.2d 411 (Minn.Ct.App.1985), this court was asked to determine whether a 1 million fiber per liter limit on the discharge of amphibole fibers was arbitrary and capricious. We held the Minnesota Pollution Control Agency's (MPCA) limit was arbitrary and capricious because the limit was not supported by written findings and reasons. We vacated the 1 million fiber limit, affirmed all other aspects of the permits being noncontroverted and remanded with instruction to hold a contested case hearing. *See id.* at 415–16.

Shortly thereafter, Reserve Mining and the MPCA negotiated a settlement agreement. In order to be effective, the settlement had to be approved and adopted by the MPCA Board. The settlement agreement was placed on the MPCA Board's agenda for April 23, 1985. Petitioners' counsel received drafts of the proposed settlement on March 26, 1985 and a letter dated March 29, 1985 indicating the matter would be heard on April 23, 1985. On April 5, MPCA staff mailed petitioners' counsel a letter reaffirming the April 23 hearing date

and included a copy of all materials mailed to agency members for consideration.

The settlement agreement was presented to the MPCA Board on April 23, 1985. Members of the public were given the opportunity to present statements and comments to the Board. Petitioners' counsel did not attend the meeting; no one appeared on behalf of petitioners to register objections to the proposed settlement. The Board approved the settlement.

Petitioners then filed a petition for an extraordinary writ with this court. Petitioners seek an emergency writ that would order the MPCA (1) to rescind the discharge permit issued to Reserve and (2) hold a contested case hearing as instructed by this court's opinion.

## DECISION

■ 1. The issuance of a writ of mandamus is governed by Minn.Stat. § 586.01 (1984), which states:

The writ of mandamus may be issued to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. It may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, but it cannot control judicial discretion.

*Id.* In order to receive a writ of mandamus, there must be a legal duty to perform the requested act. *See Friends of Animals & Their Environment v. Nichols,* 350 N.W.2d 489, 491 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn.Dec. 20, 1984). Likewise, a writ of mandamus:

shall not issue in any case where there is a plain, speedy, and adequate remedy in the ordinary course of law.

Minn.Stat. § 586.02 (1984).

■ 2. Petitioners' first request is to order the MPCA to rescind its pollution discharge permit. Petitioners are apparently attempting to reopen the noncontroverted aspects of the pollution discharge permits. The MPCA does not have a duty to rescind the noncontroverted portions of the permits which we expressly affirmed. *See Reserve,* 364 N.W.2d at 416.

3. Petitioners also seek an order requiring the MPCA to hold a contested case hearing regarding the propriety of the 1 million fiber per liter limit. Petitioners claim our holding in *Reserve* created a legal duty upon the MPCA to hold a contested case hearing.

■ Our order directing the MPCA to hold a contested case hearing must be considered in light of the controversy. At that time, Reserve and the MPCA were vigorously litigating the propriety of the 1 million fiber per liter limit. Our decision was rendered in this context and did not address the possibility of settlement. The MPCA is specifically authorized by statute to enter into settlement agreements. *See* Minn.Stat. §§ 14.59, 115.03, subd. 1(e) (1984); Minn.R. 7000.1000, subpt. 6 (Supp. 1984). The courts encourage settlement in these types of technical disputes. *See Reserve Mining Company v. Minnesota Pollution Control Agency,* 267 N.W.2d 720, 727 (Minn.1978). Petitioners are not entitled to a writ of mandamus because the MPCA had no legal duty to hold a contested case hearing under the circumstances. *Cf. Cable Communications Board v. Nor-West Cable Communications Partnership,* 356 N.W.2d 658 (Minn.1984).

■ 4. Petitioners' request for an extraordinary writ must also be denied because they had an adequate remedy at law. Minn.Stat. § 586.02 (1984). Petitioners could have filed a writ of certiorari with this court, *see* Minn.Stat. § 115.05, subd. 11 (1984), or commenced an action in district court under Minn.Stat. § 116B.10 (1984). We will not grant extraordinary relief when the ordinary and adequate remedies at law are not followed.

■ 5. We also note that extraordinary remedies are granted under principles of equity. Equity does not permit one to do nothing and then seek extraordinary remedies. Petitioners were notified of the settlement and accompanying public hear-

ing on numerous occasions. They did not respond or attend the hearing to raise any objections they may have had.

Writ denied.