Ernest C. BRANDHORST, et
al., Respondent,

v.

SPECIAL SCHOOL DISTRICT NO. 1,
Petitioner, Appellant.

No. C8–84–1826.

Supreme Court of Minnesota.

Sept. 5, 1986.

Frederick E. Finch, H. Brent Von Ohlen, Minneapolis, for appellant.

Joseph B. Nierenberg, Minneapolis, for respondent.

COYNE, Justice.

We granted the petition for further review of Special School District No. 1 to consider issues similar to those raised in *Strand v. Special School District No. 1,* 392 N.W.2d 881, filed herewith.

Anticipating a substantial decrease in enrollment and a corresponding decrease in the budget for the 1984–85 school year, Special School District No. 1 for the City of Minneapolis determined that it was necessary to reduce its teaching staff by 401 teachers, 72 of which were non-probationary staff members. The six respondents here, all members of the district's industrial arts department, were among those tenured teachers placed on unrequested leave of absence. On certiorari to the court of appeals, the district's determination was reversed and the matter was remanded for further proceedings. *Brandhorst v. Special School District No. 1,* 365 N.W.2d 383 (Minn.App.1985). We affirm.

The district initially argues that the court of appeals was without certiorari jurisdiction to review an action of the school board. For the reasons enunciated in *Strand v. Special School District No. 1,* 392 N.W.2d

881, filed herewith, we reject this contention and proceed to the merits of the appeal.

■ The record developed at the administrative hearing held prior to decision indicates that for every tenured teacher placed on leave, a less senior teacher in the department was bypassed or retained. The district contends that the admittedly less senior teachers were retained because each holds a secondary vocational teaching license as well as an industrial arts license and that at least a majority of each of the teachers' classes require their particular vocational license. While conceding that the remainder of each assignment may consist of classes that one of the discharged teachers could teach with an industrial arts license, the district characterizes the assignments as "combined positions" requiring dual licensure: secondary vocational and industrial arts.

The respondents argue that these are separable into industrial arts positions and vocational positions and that, in order to comply with the Teacher Tenure Act, the industrial arts positions must be offered to the most senior industrial arts licensed teacher. While we agree that this argument is generally correct, the respondents' proffered solution is predicated on assumptions that cannot be substantiated by the record as it now exists.

As we stated in *Strand,* reasonable realignment of course assignments, in order to protect seniority rights, is mandated by the Teacher Tenure Act. Realignment without regard to practicality, the interests of the public, or the welfare of the students, however, is not required. Further, each course offered is not a separate position which has to be assigned to the most senior teacher licensed to teach it. If the district, in good faith, exercises its discretion and offers a certain vocational course or courses forming the major portion of a teacher's assignment, the remainder of that teacher's schedule may be composed of courses that, separately, could be taught by a more senior industrial arts teacher. As we said in *State ex rel. Ging v. Board of Education,*

213 Minn. 550, 592, 7 N.W.2d 544, 565 (1942), "when a teacher is required for a special subject requiring less than a full teaching schedule * * * the board may, in good faith, assign academic classes to that teacher in order to give him a full teaching load, thereby creating a new position; and this though tenure teachers may be available for the academic classes."

Therefore, because we are unable to determine from the record whether any realignment favorable to a more senior discharged teacher is practical and reasonable, we direct the school district on remand to ascertain the precise facts and to implement any reasonable realignment that will assure a position for a more senior industrial arts teacher.

■ Respondent Robert R. Manston has raised an additional and distinct claim. Manston holds the same licenses as and has greater seniority than a teacher in the district with a 46–week position at the Minneapolis Technical Institute and contends that he should have been given that position in preference to the less senior teacher. In rejecting the claim, the district asserted that, prior to his discharge, Manston had held a 38–week position and allowing him to bump into the 46–week position would be a promotion, not required by the Teacher Tenure Act.

In *State ex rel. Haak v. Board of Education,* 367 N.W.2d 461, 467 (Minn.1985), we stated that a teacher whose position has been discontinued has no right under the Teacher Tenure Act to be reassigned to a "promotional" position. We defined a "promotional" position as one involving added duties and responsibilities and occupying a higher place, rank, or standing. The positions at stake in *Haak* were high administrative, non-classroom posts affecting school management, and imposing reassignments because of seniority in these promotional positions would be too disruptive of managerial discretion.

The position sought by Manston is essentially the same as that position from which he was discharged. Both are normal class-

room assignments and although the Minneapolis Technical Institute assignment is eight weeks longer and therefore receives a proportional increase in total wages, this fact does not transform it into a promotional position under the reasoning of *Haak. See Strand v. Special School District No. 1*, 392 N.W.2d 881, filed herewith. The court of appeals decision that Manston should have been assigned the 46–week position is hereby affirmed.

Affirmed.