**Ernest C. BRANDHORST, et al., Petitioners, Appellants,**

v.

**SPECIAL SCHOOL DISTRICT NUMBER 1, Respondent.**

No. C6–90–2076.

Court of Appeals of Minnesota.

Feb. 26, 1991.

Review Denied April 22, 1991.

Roger A. Peterson, Ronald G. Marks, Peterson, Engberg & Peterson, Minneapolis, for appellants.

Thomas M. Sipkins, Douglas P. Seaton, Robert C. Castle, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and LANSING and PETERSON, JJ.

## OPINION

LANSING, Judge.

A secondary school teacher appeals a district court order quashing a writ of mandamus which would have compelled the school district to reopen a hearing to admit new evidence on possible realignment options. We affirm.

## FACTS

Industrial arts teacher Ernest Brandhorst is one of 72 tenured teachers placed on unrequested leave of absence because of anticipated decreases in district enrollment and budget for the 1984–85 school year. Brandhorst obtained judicial review that concluded in the Minnesota Supreme

Court's determination that school districts are obligated to implement any practical and reasonable realignment favorable to a more senior discharged teacher. *Brandhorst v. Special School Dist. No. 1*, 392 N.W.2d 888 (Minn.1986). On remand, the court directed the school district to "ascertain the precise facts and to implement any reasonable realignment that will assure a position for a more senior industrial arts teacher." *Id.* at 889.

The remand hearing was reconvened in April 1988. Based on the licensure information provided by the school district, the parties concluded that Brandhorst's only available assignment was a .6 position for the 1984–85 and 1985–86 school years. The school district adopted this realignment.

After the close of the remand hearing, but before the school district's final decision, Brandhorst discovered that another full-time industrial arts teacher had a second license which also qualified him to teach art. Brandhorst believed this dual licensure could permit a realignment more favorable to him. The school district's findings of fact, conclusions and decision issued in January 1989 addressed this licensure, but concluded that the license would not provide a more favorable position for Brandhorst. In September 1989, Brandhorst discovered a second industrial arts teacher who also had dual licensure. The options raised by the second dual licensure were not considered at the hearing or in the school district's decision.

Between February and November 1989, Brandhorst, through his teachers' federation, unsuccessfully petitioned and repetitioned the school district to reopen the hearing to consider the additional licenses. In February 1990, more than a year after learning of the first dual licensure, Brandhorst petitioned the Hennepin County District Court for a writ of mandamus to compel the school district to reopen the hearing to consider the additional licensure and realignment options not presented at the hearing. The district court issued an alternative writ, but quashed it after concluding that *Dokmo v. Indep. School Dist. No. 11*, 459 N.W.2d 671, 673 (Minn.1990),

removed the district court's jurisdiction to review the school district's actions.

## ISSUES

1. Does the district court lack jurisdiction to issue a writ of mandamus to compel a school district to reopen a hearing on teacher realignment?

2. Was mandamus an appropriate remedy in this case?

## ANALYSIS

### I

 Review of the reasonableness of a school board's decision on realignment or reassignment is by writ of certiorari to the court of appeals. *See Dokmo*, 459 N.W.2d at 673; *Strand v. Special School Dist. No. 1*, 392 N.W.2d 881, 883 (Minn.1986). On appeal, review is limited to the record made by the school board. *Grinolds v. Indep. School Dist. No. 597*, 346 N.W.2d 123, 128 (Minn.1984). The school board has an obligation "to make a sufficient record to prove its actions were justified." *Dokmo*, 459 N.W.2d at 676.

Brandhorst maintains that unless the school board is compelled to reopen the hearing he will not receive adequate review of his realignment possibilities. The school district disputes that certiorari review is inadequate and also maintains that after *Dokmo* the district court lacks jurisdiction for any challenge to a school district action relating to teaching termination or realignment.

 We agree with Brandhorst's underlying premise that a petition for mandamus in the district court may be used as an ancillary remedy to compel a required school district procedure. *See Ramberg v. District Court of Ramsey County*, 241 Minn. 194, 198, 62 N.W.2d 809, 812 (1954) (mandamus proper ancillary remedy when administrative commission failed to comply with statute controlling introduction of evidence). We do not interpret *Dokmo* to eliminate district court ancillary relief in school district actions. *See Silver Bay Area Citizens Concerned for Quality Educ. v. Lake Superior School Dist. No. 381*, 448 N.W.2d 92, 95–96 (Minn.App.1989), *pet. for rev. denied* (Minn. Jan. 23, 1990).

Establishing that a writ of certiorari is the exclusive means for review of school district actions does not remove the district court jurisdiction over petitions for extraordinary relief. *See, e.g., Garavalia v. City of Stillwater,* 283 Minn. 335, 347, 168 N.W.2d 336, 345 (1969) (injunctive relief may be granted against administrative agency action prior to exhaustion of statutory remedies, if imminent and irreparable harm can be shown by petitioner).

■ As a general matter, the district court has original jurisdiction in mandamus actions. Minn.Stat. § 586.11 (1990). Although a petition for mandamus in an administrative controversy has been considered by this court, *Northwoods Environmental Inst. v. Minnesota Pollution Control Agency,* 370 N.W.2d 449 (Minn. App.1985), it is significant to note that the statute reserves to the district court original and exclusive jurisdiction over writs of mandamus except those directed to a district court or court of appeals judge. *See* Minn.Stat. § 586.11.

II

■ It is uncontroverted that evidence of the two additional dual licensures was not presented at the remand hearing. The first undisclosed dual licensure was brought to the attention of the school district by the teachers' federation after the hearing but before the school board's decision. The school district's findings of fact, conclusions and decision confirm that the district considered and rejected Brandhorst's claim for realignment on the basis of the license.

The record on appeal from a realignment decision includes the proceedings and actions of the board. *See Dokmo,* 459 N.W.2d at 675–76 (quoting *Harms v. Indep. School Dist. No. 300,* 450 N.W.2d 571, 577 (Minn.1990)). Certiorari was the proper avenue for review. *See Dokmo,* 459 N.W.2d at 676. We do not agree that the loss of opportunity to question alternative realignments was sufficient to exempt Brandhorst from appeal by certiorari.

If Brandhorst had challenged the school district's decision by petitioning for certiorari within 60 days of the hearing, the second dual licensure would not have been part of the record because it had not yet surfaced. However, Brandhorst knew of the first dual licensure before the school district's decision and had the full 60 days to petition for certiorari review. Failure to do this in the first instance defeats his claim that newly discovered licensure should permit him an additional remedy.

Brandhorst advances as an alternative base for mandamus that the school district failed to follow the remand instruction of the supreme court that it must "ascertain the precise facts and * * * implement any reasonable realignment that will assure a position for a more senior industrial arts teacher." *Brandhorst,* 392 N.W.2d at 889.

■ Mandamus may be used to compel compliance by a lower court with an appellate court remand order. *See Personal Loan Co. v. Personal Finance Co. of St. Paul,* 213 Minn. 239, 243, 6 N.W.2d 247, 249 (1942). Mandamus should not be used, however, as a short cut for appellate review. *Waters v. Putnam,* 289 Minn. 165, 171–72, 183 N.W.2d 545, 550 (1971). Challenging noncompliance with a remand directive after a final decision is a request for retrospective appellate review rather than extraordinary prospective relief. *See State ex rel. Grenville v. Nash,* 134 Minn. 73, 75, 158 N.W. 730, 731 (1916). The remedy for appellate review is by writ of certiorari.

We are aware that a teacher's right to a mandated hearing procedure cannot easily be separated from the substance of an appeal on the merits. Teachers should not be forced to guess which procedures apply when their jobs are at stake. In actions governed by the Administrative Procedure Act, procedures are clearly stated for augmenting the record before the agency or on appeal. *See* Minn.Stat. §§ 14.67–68 (1990). Similar statutory certainty would be desirable in providing procedural safeguards for teachers.

Affirmed.