Nadeen LUNDE, Relator,

v.

**INDEPENDENT SCHOOL DISTRICT NO. 255, PINE ISLAND, Minnesota, Respondent.**

No. C3–95–1924.

Court of Appeals of Minnesota.

Feb. 20, 1996.

Harley M. Ogata, Rebecca H. Hamblin, Christina L. Clark, Roger L. Barrett, Minnesota Education Association, St. Paul, for Relator.

Kevin J. Rupp, Kathryn M. Eilers, Ratwik, Roszak, Bergstrom & Maloney, P.A., Minneapolis, for Respondent.

Considered and decided by HUSPENI, P.J., and PETERSON and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Under Minn.Stat. § 125.12, subd. 4 (1994), a school district must notify teachers by June 1 if they are being placed on unrequested leave of absence. A collective bargaining agreement between respondent Independent School District No. 255, Pine Island, Minnesota (School District) and its teachers' exclusive bargaining representative set a July 15 deadline for placing teachers on unrequested leave of absence. Relator Nadeen Lunde was placed on unrequested leave in July pursuant to the agreement, and she appeals by writ of certiorari. We reverse, holding that the statutory deadline cannot be altered by agreement.

## FACTS

Lunde was a full-time tenured teacher for the School District during the 1994–95 school year. The School District and the Pine Island Education Association negotiated a collective bargaining agreement for 1993–95 (the agreement) pursuant to Minn.Stat. § 125.12, subd. 6a, governing the placement of teachers on unrequested leave of absence (ULA). The agreement stated, in part, that a teacher shall be informed of the school board's final ULA decision "no later than July 15."

In May 1995, Lunde received notice that the School District was proposing to place her on ULA. She requested a hearing. The independent hearing officer determined that the School District could place Lunde on ULA later than June 1, pursuant to the July 15 negotiated deadline. The school board adopted the hearing officer's recommendation; on July 12, 1995, it notified Lunde that she had been placed on ULA. She appeals, claiming that the agreement's July 15 deadline violates Minn.Stat. § 125.12, subds. 4 and 6a, and is unenforceable.

## ISSUE

Does the collective bargaining agreement's July 15 deadline for ULAs violate Minn.Stat. § 125.12, subds. 4 and 6a?

## ANALYSIS

We must decide whether the School District lawfully placed Lunde on ULA. The School District completed the process prior to July 15 as required by the agreement. Lunde, however, asserts that Minn.Stat. § 125.12 (1994) does not permit a school district to negotiate a deadline later than June 1 for school board implementation of ULAs.

■ A school board's decision to place a teacher on ULA will not be disturbed on appeal unless the decision is fraudulent, arbitrary, unreasonable, unsupported by substantial evidence, not within the school board's jurisdiction, or based on an erroneous theory of law. *In re Bristol*, 451 N.W.2d 883, 884 (Minn.App.1990). The question of whether the school board's decision was based on an error of law involves statutory interpretation. Statutory construction is a question of law that we review de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

> Pursuant to Minn.Stat. § 125.12, subd. 4,
>
> [a] teacher's contract shall remain in full force and effect * * * until terminated by a majority roll call vote of the full membership of the board * * * *prior to June 1 upon one of the grounds specified in subdivision 6a or 6b.*

(Emphasis added.) Subdivision 6a provides:

> The school board and the exclusive bargaining representative of the teachers may negotiate a plan providing for unrequested leave of absence without pay or fringe benefits for as many teachers as may be necessary * * *. Failing to successfully negotiate such a plan, the provisions of subdivision 6b shall apply.

*Id.,* subd. 6a. Subdivision 6b, inapplicable here, sets forth alternative provisions if no agreement has been negotiated. *Id.,* subd. 6b.

■ We interpret statutes according to their plain meaning. Minn.Stat. § 645.08(1) (1994). Subdivision 4 of Minn.Stat. § 125.12 plainly requires that a teacher be notified by June 1 that he or she has been placed on ULA. This provision, by its own terms, applies to ULAs governed by either subdivision 6a or 6b. Moreover,

> [t]he general rule is that where there is a conflict between the terms of a collective bargaining agreement and the terms of an applicable statute, the statute controls.

*Jerviss v. Independent Sch. Dist. No. 294*, 273 N.W.2d 638, 644 (Minn.1978) (applying Minn.Stat. § 125.12 to a negotiated ULA plan). The supreme court has also stated that "the presence of a plan negotiated under Minn.Stat. § 125.12, subd. 6a * * * does not abrogate or eliminate any other statutory rights under section 125.12." *Atwood v. Independent Sch. Dist. No. 51*, 354 N.W.2d 9, 12 (Minn.1984); *accord Bristol*, 451 N.W.2d at 885.

The School District argues that *Atwood* and *Jerviss* dictate a different result. We disagree. In *Atwood,* the collective bargaining agreement set an April 1 deadline to place teachers on ULA—two months earlier than the statutory deadline. *Atwood,* 354 N.W.2d at 11. The supreme court held that because the agreement was ambiguous, April 1 was only the deadline for notification of proposed placement on ULA. *Id.* at 13. *Atwood* approved a ULA deadline (April 1) that was earlier than the statutory deadline (June 1). An earlier deadline is not prohibited by Minn.Stat. § 125.12, subd. 4. *Atwood* is silent regarding a deadline later than June 1.

In *Jerviss,* the negotiated agreement governing ULAs pursuant to subdivision 6a did not mention the teacher's right to notice or a hearing. *Jerviss,* 273 N.W.2d at 640. The supreme court held that although the agreement was silent as to a right to notice and hearing, it was deemed to incorporate such right:

> [we] hold that [subdivisions 6a and 6b] did not eliminate those rights by implication. If notice and a hearing are to be denied a teacher, a clear legislative mandate is a preferable method of doing so.

*Id.* at 646. The agreement in the instant case is not silent as to the deadline for placement on ULA; rather, it modifies the June 1 statutory ULA deadline.

The School District also argues that the July 15 deadline is mutually beneficial to both school districts and teachers. Because a district does not know the amount of money it will be receiving from the legislature by June 1, it has to speculate about its funding, and often is forced to place teachers on ULA only to call them back later. The July 15 deadline allows the district to finalize its budget for the following year before placing teachers on ULA. While this argument is compelling, it is the legislature's role to weigh the policy interests involved and decide if the deadline should be changed. The

statutory deadline cannot be altered by the courts absent constitutional infirmity.

■ Finally, the School District asserts that even if the statute does not permit negotiation of a ULA deadline later than June 1, the teachers waived their statutory right to the June 1 deadline by agreeing to a July 15 deadline. In support of this claim, the School District quotes the supreme court that "rights guaranteed by the tenure statute may be waived." *Jerviss,* 273 N.W.2d at 645 (citing *State ex rel. Johnson v. Independent Sch. Dist. No. 810,* 260 Minn. 237, 246, 109 N.W.2d 596, 602 (1961)). We reject the School District's waiver argument. The Public Employment Labor Relations Act states:

> No provision of a contract shall be in conflict with * * * the laws of Minnesota * * *.

Minn.Stat. § 179A.20, subd. 2 (1994). This provision, passed in 1984, was enacted *after* the 1978 *Jerviss* decision. *See* 1984 Minn. Laws ch. 462, § 21. It prohibits waiver of statutory rights absent statutory authority to do so. Accordingly, we conclude that the parties could not lawfully waive the June 1 ULA deadline.

We hold that a school district and its teachers cannot through collective bargaining alter the ULA deadline beyond June 1 as mandated by Minn.Stat. § 125.12, subd. 4. Therefore, the July 15 deadline set by the parties' agreement is void and unenforceable. Lunde was unlawfully placed on ULA because the School District did not meet the June 1 deadline.

### DECISION

The July 15 contractual deadline violates Minn.Stat. § 125.12. Relator Lunde was unlawfully placed on unrequested leave of absence.

**Reversed.**