Carol DeGEORGEO, Relator,

v.

**INDEPENDENT SCHOOL DISTRICT NO. 833, SOUTH WASHINGTON COUNTY, Respondent.**

No. C4–96–2137.

Court of Appeals of Minnesota.

May 27, 1997.

Review Denied July 28, 1997.

William F. Garber, Garber & Metcalf, P.A., Minneapolis, for Relator.

Pamela R. Galanter, Frank Madden & Associates, Plymouth, for Respondent.

Considered and decided by DAVIES, P.J., and NORTON and MULALLY *, JJ.

## OPINION

DAVIES, Judge.

Relator appeals by writ of certiorari from the school board's decision to place her on unrequested leave of absence. We affirm.

## FACTS

Relator Carol DeGeorgeo is a licensed business education teacher. During the 1995–96 school year, she was employed full time by respondent Independent School District No. 833. In March 1996, because of a decline in student enrollment in secondary business education courses and district financial limitations, the school board proposed placing the three least-senior business education teachers, including relator, on unrequested leave of absence (ULA) at the end of the 1995–96 school year.[1]

Relator's hearing was conducted in August 1966, before school started.[2] The hearing officer recommended that relator be placed on ULA based on the discontinuance of her position. The school board adopted the hearing officer's recommendation. Relator seeks certiorari review of the ULA placement, alleging that the school board, in reality, did not discontinue her position.

## ISSUE

Did the school board err in determining that relator's position had been discontinued?

## ANALYSIS

■ A reviewing court will reverse a school board's decision to place a teacher on ULA only if

the decision is fraudulent, arbitrary, unreasonable, unsupported by substantial evidence, not within the school board's juris-

diction, or based on an erroneous theory of law.

*Lunde v. Independent Sch. Dist. No. 255*, 543 N.W.2d 703, 705 (Minn.App.1996). As to the facts, we are limited to reviewing only what is in the record. *Brandhorst v. Special Sch. Dist. No. 1*, 466 N.W.2d 409, 411 (Minn.App. 1991), *review denied* (Minn. Apr. 22, 1991).

■ Minn.Stat. § 125.12, subd. 6b (1996), states in pertinent part:

**Unrequested leave of absence.** The school board may place on unrequested leave of absence, without pay or fringe benefits, as many teachers as may be necessary because of discontinuance of position, lack of pupils, financial limitations, or merger of classes caused by consolidation of districts.

The record here shows that the school district, as of the time of the hearing, had discontinued 2.2 full-time equivalent positions in business education for the 1996–97 school year and that all vacant business education positions had been filled by teachers more senior than relator. The record also shows that the decision to discontinue the business education positions was supported by evidence of both declining student enrollment in business education courses and financial constraints that necessitated an increase in class sizes.

■ Relator's contention that she should be allowed to "bump" (displace) a less senior math teacher from a business math course is without merit. The record indicates that the business math course that was to be taught in the school district was, based on its content, within the math curriculum and required a math license to teach. A teacher with a business education license cannot "bump" a less senior teacher with a math license who is teaching a class requiring a math license. Further, even if relator were licensed to teach the business math class, there is no indication in the record that the

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. The school district also terminated the contracts of 43 probationary teachers.

2. Relator waived the June 1, 1996, deadline for final school board action on the proposed ULA.

business math teacher had less seniority than relator.

Before a senior teacher proposed for ULA may exercise * * * bumping rights, [the teacher] must be able to point to an *existing* position * * * currently occupied by a * * * less senior teacher that [the senior teacher] is licensed or qualified to fill.

*In re Independent Sch. Dist. No. 318 Hearing,* 435 N.W.2d 81, 84 (Minn.App.1989).

 Relator's contention that an elementary business position should be made available to her is also without merit. The record shows that the elementary business education position had been discontinued. Elementary keyboarding, previously taught by business education teachers, was to be taught by media specialists. Relator is not qualified or licensed as a media specialist.

 Relator's contention that an Alternative Learning Center study skills class should be available for her for the 1996–97 school year is mere speculation. Although relator points to testimony by a school district administrator who saw no reason why study skills courses would not be provided at the learning center in 1996–97, such evidence is speculative as to what happened once the school year began. The same reasoning applies to relator's contention that she is eligible for other secondary business education courses because actual enrollment requires that certain large classes be split. Relator ignores the fact that the school district had other options to deal with oversized classes (e.g., shifting students to less crowded classes or dropping an oversize class). Until the school district made a decision to split a class, any contention by relator that such classes were available to her was mere speculation.

In a situation such as this, where at the time of the hearing final decisions have not yet been made on classes for the coming school year, a teacher should make a demand for reinstatement once class scheduling becomes final. If the school board does not then reinstate, a teacher is free to appeal on the ground of failure to reinstate and show that there are in place classes the teacher is qualified to teach. The appeal is then based on facts, not speculation.

## DECISION

Nothing in the record suggests that the school board, in its decision to place relator on ULA, acted in a fraudulent, arbitrary, or unreasonable manner. The record clearly shows that there was a need, at the time she was placed on ULA, to decrease the number of business education teachers because of district-wide financial constraints and declining enrollment. There is no indication that the school board interpreted the law incorrectly.

**Affirmed.**